**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **MICHAEL TRAVIS BUCKLEY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO.: 2:07-cv-1119-WKW-CSC** |
| | ) |
| **BARBOUR COUNTY, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

### MOTION TO DISMISS BARBOUR COUNTY, ALABAMA

COMES NOW Barbour County, Alabama, a Defendant in the above-styled cause, and moves this Court to dismiss the action against it pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter, lack of jurisdiction over the person, and failure to state a claim upon which relief can be granted. As grounds therefore, Defendant Barbour County sets down and assigns the following:

    1.    Barbour County is entitled to sovereign immunity.

        A.    Barbour County is entitled to sovereign immunity under § 14 of the Alabama Constitution.

            i.    Barbour County acted as an agent of the Department of Corrections.

            ii.    The Alabama Department of Corrections is entitled to sovereign immunity.

            iii.    As an agent for the Department of Corrections, Baldwin County is entitled to the same immunity to which the Department of Corrections is entitled.

        B.    Barbour County is entitled to sovereign immunity under the Eleventh Amendment.

2. The Plaintiff's Federal claim is due to be dismissed for failure to state a claim upon which relief may be granted.

   A. The Plaintiff has failed to allege that his constitutional rights were violated.

      i. The Plaintiff's Fourteenth Amendment claim is due to be dismissed because he was a convicted prisoner at all times relevant to the Complaint.

      ii. The Plaintiff's Complaint fails to state any claim against Barbour County for deliberate indifference.

   B. The Plaintiff has failed to allege in the Complaint any basis for Barbour County's liability.

      i. The Plaintiff has failed to allege any policy or custom.

      ii. The Plaintiff has failed to allege that the County was the "moving force" behind the Plaintiff's injury.

      iii. Barbour County cannot be held liable under a theory of *respondeat superior*.

3. The Plaintiff's state law claim is due to be dismissed for failure to state a claim upon which relief may be granted.

   A. The Plaintiff has failed to state a valid claim under Alabama law against Barbour County for "willful negligence."

   B. Section 14-8-40, Ala. Code 1975, provides no private cause of action against a municipality.

4. Barbour County is immune from punitive damages.

   A. Barbour County is immune from punitive damages under 42 U.S.C. § 1983.

   B. Barbour County is immune from punitive damages under state law.

Based on the foregoing, Defendant Barbour County, Alabama, requests this Court to grant its Motion to Dismiss and enter an order dismissing all claims against it in this action.

Respectfully submitted this the 22nd day of January, 2008.

                **s/C. Richard Hill, Jr.**
                C. RICHARD HILL, JR. (HIL045)
                JOSEPH L. HUBBARD, JR. (HUB015)
                Attorneys for Defendant
                WEBB & ELEY, P.C.
                7475 Halcyon Pointe Drive (36117)
                Post Office Box 240909
                Montgomery, Alabama  36124
                Telephone: (334) 262-1850
                Fax: (334) 262-1772
                E-mail: rhill@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the **22nd** day of **January**, **2008**, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following: **Thomas H. Benton**; **Bryan G. Duhe**, attorneys for the Plaintiff**.**

                **s/C. Richard Hill, Jr.**
                OF COUNSEL