IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL TRAVIS BUCKLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:07-cv-1119-WKW-CSC |
| | ) |
| **BARBOUR COUNTY, et al.,** | ) |
| | ) |
| Defendants. | ) |

**MOTION TO STAY DISCOVERY PENDING A RULING
ON DEFENDANT BARBOUR COUNTY'S MOTION TO DISMISS**

COMES NOW Barbour County, Alabama, a Defendant in the above-styled cause, and moves this Court to stay discovery in this action pending this Court's ruling on the Defendant's Motion to Dismiss.

As grounds therefore, the Defendant sets down and assigns the following:

1. The Plaintiff in this case has alleged a federal claim against Barbour County for deliberate indifference under the Eighth and Fourteenth Amendments, and attempts to allege a state law claim for "willful negligence" under § 14-8-40 Ala. Code 1975.  (Doc. 1, ¶¶ 8, 10-11.)

2. While this case does not present issues of qualified immunity that would otherwise stay all discovery proceedings, it does require resolution of the dispositive issue: whether the Plaintiff's claims may proceed against Barbour County when the Complaint clearly alleges that Barbour County acted, at all time relevant to the claims, as an agent for the Department of Corrections under Alabama law and, accordingly, as an "arm of the State," under Eleventh Circuit precedent, for purposes of Eleventh Amendment immunity.  As argued in its Motion to Dismiss filed on January 22, 2008, Barbour County contends that, as an agent of the Department of Corrections and an "arm of the State," it is entitled to immunity under Alabama

law and the Eleventh Amendment from both the federal and state claims alleged in the Complaint.

   3. The resolution of this dispositive issue of sovereign immunity, as presented in Barbour County's Motion to Dismiss and Memorandum Brief in Support, is a prerequisite to discovery in this case. In <u>Blinco v. Green Tree Servicing, LLC</u>, the Eleventh Circuit held that discovery should be stayed pending resolution of the dispositive issue, whether an arbitration clause governed the disposition of the claims. 366 F.3d 1249 (11th Cir. 2004). In so holding, the Eleventh Circuit adopted the reasoning of the Seventh Circuit in cases involving the dispositive issues of sovereign and qualified immunity:

> The defense of sovereign *or* qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. See <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 [] (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); <u>Elliott v. Perez,</u> 751 F.2d 1472, 1478 (5th Cir. 1985) ("*[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford*."). A district court, therefore, properly stays discovery pending appeal of a denial of immunity. See <u>Goshtasby</u> [v. Bd. of Trustees of University of Illinois], 123 F.3d [427] at 428 [(7th Cir. 1997)]; <u>Apostol</u> [v. Gallion], 870 F.2d [1335] at 1339 [(7th Cir. 1989)]; <u>Workman v. Jordan</u>, 958 F.2d 332, 336 (10th Cir. 1992); <u>Summit Medical Assoc., P.C. v. James</u>, 998 F. Supp. 1339, 1342-43 (M.D. Ala. 1998).

366 F.3d at 1252 (some emphasis added). This Court has previously adopted this same reasoning in cases involving absolute immunity. See <u>K.M. v. Alabama Dep't of Youth Services</u>, 209 F.R.D. 493, (M.D. Ala. 2002) (observing, in the qualified immunity context, "The court starts from the general premise that 'until the threshold immunity question is resolved, discovery should not be allowed.' <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 [] (1982). Although the trial court has substantial discretion in discovery matters, 'the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its

discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.' Crawford-El v. Britton, 523 U.S. 574, 597-98 [] (1998)").

4. Long-standing Alabama case law holds that, in light of the threshold question of immunity, all other pre-trial proceedings, including discovery, should be stayed pending resolution of the immunity defense. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but *unwarranted demands customarily imposed upon those defending a long drawn out lawsuit*." Quinlan v. Jones, No. 2030621, 2005 WL 2046361, at *1 (Ala. Civ. App. Aug. 26, 2005), quoting Siegert v. Gilley, 500 U.S. 226, 232 (1991) (emphasis added); Ryan v. Hayes, 831 So. 2d 21, 31 (Ala. 2002) (quoting Mitchell v. Forsyth, 472 U.S. 511 (1985) ("Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive."). See also, Blinco, 366 F.3d at 1252 ("The defense of sovereign . . . immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, *including pre-trial discovery*.") (emphasis added); Hunter v. Bryant, 502 U.S. 224, 227 (1991); Saucier v. Katz, 533 U.S. 194, 199-202 (2001). Absolute immunity and qualified immunity are immunities *from suit*, rather than a defense to liability, and are effectively lost if a case is permitted to proceed to trial. Blinco, 336 F.3d at 1252; Elliott v. Perez, 751 F.2d 1472, 1478 (5th Cir. 1985) ("[S]ubjecting officials to trial, *traditional discovery*, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford.") (emphasis added); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Quinlan, 2005 WL 2046362 at *1. "[A] Court may resolve the issue of qualified immunity before allowing discovery." Caraballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th Cir. 1994). See also, Ex

parte City of Tuskegee, 932 So. 2d 895, 902 (Ala. 2005) (holding that "the determination whether the defendants had immunity was purely a question of law. Department of Forensic Sciences, 709 So. 2d [455] at 457 [(Ala. 1998)]. Under the Alabama Constitution, the State and its departments are immune from suit. Ala. Const. 1901, § 14.  Therefore, the claims against the State or against the Department of Forensic Sciences were due to be dismissed without any factual inquiry into the alleged wrongful conduct").  Discovery in this action should be stayed until this Court has decided the threshold issue of Defendants' Motion to Dismiss based on the various immunity defenses.

5.      Further, as stated in the Barbour County's Motion to Dismiss, sovereign immunity is not just a defense; it deprives this Court of subject matter jurisdiction.  As a long-standing principle of Alabama law, the issue of sovereign immunity acts as a bar to a trial court's jurisdiction.  Alabama State Docks Terminal Ry. v. Lyles, 797 So. 2d 432, 435 (Ala. 2001) (holding that the "constitutionally guaranteed principle of sovereign immunity, acting as a jurisdictional bar, precludes a court from exercising subject-matter jurisdiction. Without jurisdiction, a court has no power to act and must dismiss the action.  '"The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction over either the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent."' Mobile & Gulf R.R. v. Crocker, 455 So. 2d 829, 831 (Ala. 1984) (quoting Norton v. Liddell, [] 194 So. 2d 514, 517 ([Ala.] 1967)).  If an Alabama court has jurisdiction to hear [such an] action, it must come through some abrogation of the State's immunity").  Where a court lacks subject matter jurisdiction, the only action it may take is to dismiss the case.  Ex parte Blankenship, 893 So. 2d 303, 307 (Ala. 2004).  Absent subject matter jurisdiction, discovery in this action is inappropriate.

WHEREFORE, PREMISES CONSIDERED, Defendant Barbour County, Alabama, moves this Court to stay discovery in this action pending resolution of its Motions to Dismiss.

Respectfully submitted this the 25th day of January, 2008.

>s/C. Richard Hill, Jr.
>C. RICHARD HILL, JR. (HIL045)
>JOSEPH L. HUBBARD, JR. (HUB015)
>Attorneys for Defendant
>WEBB & ELEY, P.C.
>7475 Halcyon Pointe Drive (36117)
>Post Office Box 240909
>Montgomery, Alabama  36124
>Telephone:  (334) 262-1850
>Fax:  (334) 262-1772
>E-mail:  rhill@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the **25th** day of **January**, **2008**, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following:  **Thomas H. Benton**; **Bryan G. Duhe**, attorneys for the Plaintiff.

>s/C. Richard Hill, Jr.
>OF COUNSEL