IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL TRAVIS BUCKLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. : 2:07-cv-1119-WKW-CSC |
| | ) |
| **BARBOUR COUNTY, ALABAMA,** | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT BARBOUR COUNTY'S REPLY
### TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS

COMES NOW Barbour County, Alabama, Defendant in the above-styled cause, and submits this Reply to the Plaintiff's "Opposition to Defendant's Motion to Dismiss" ("Response"). The County relies on the grounds mandating the dismissal of the Plaintiffs' Complaint as delineated in its Motion to Dismiss and supporting Brief and maintains that the Plaintiff's Response contains no justification for the continuation of this action.

### INTRODUCTION

In his Response, the Plaintiff lifts the veil from his Complaint, revealing an admittedly insufficient pleading, comprised solely of a string of legal conclusions mixed with few and sparse factual allegations. Indeed, the Plaintiff concedes that he has failed to plead sufficient factual allegations to support his claims, because he is "ignorant" of those requisite allegations and, instead, asks this Court to overlook the blatant deficiencies of the Complaint "until discovery occurs," at which time, the Plaintiff will presumably produce for this Court some factual allegation to support one of his claims. (Doc. 13, pp. 1, 2.) In essence, the Plaintiff has asked this Court to suspend the mandates of the Federal Rules of Civil Procedure and indulge a "fishing expedition" that "*may ultimately not be able to sustain [the Plaintiff's] burden of proving a claim … against Barbour County*." (Doc. 13, p.

4, emphasis added.)  And while the Plaintiff may characterize an emphasis on compliance with the Federal Rules of Civil Procedure as a "delay tactic" that hinders his ability to conduct a "fishing expedition" for claims that he concedes may not even be plausible, the County takes these claims seriously and insists that they be weighed on their merits within the parameters of the Federal Rules of Civil Procedure.

## REPLY ARGUMENT

**I.  THE PLAINTIFF HAS FAILED TO SATISFY THE PLEADING STANDARD FOR EITHER HIS STATE-LAW CLAIM OR HIS FEDERAL CLAIM**

Insisting that his "pleading threshold is 'exceedingly low,'" the Plaintiff argues that he need only allege legal conclusions to satisfy the "liberal pleading requirements" of the Federal Rules of Civil Procedure.  (Doc. 13, pp. 2-4.)  The Plaintiff asks this Court to "apply the Rule 12(b)(6) pleading standard in making its decision" on the County's Motion to Dismiss.  (Doc. 13, p. 1.)  The County joins the Plaintiff's call for this Court to apply the pleading standard imposed by the Federal Rules of Civil Procedure which, contrary to the Plaintiff's contentions, require him to provide factual allegations to support his legal conclusions.[1]  The only "factual allegations" of the Complaint that have any bearing whatsoever on the County, aside from the legal conclusions alleged in the various counts, are as follows:

1.  "As part of the sentence [with the Department of Corrections], the Plaintiff was required to report to work.  By agreement with Barbour County, the State of Alabama Department of Corrections transferred the Plaintiff to Barbour County for purposes of right-of-way debris removal and clearance."  (Doc. 1, p. 4.)

2.  "On or about the aforementioned day, the Plaintiff, while working under the supervision and custody of Barbour County, was caused to suffer a broken back while

---

[1] The Plaintiff's failure to comply with the pleading requirements of the Federal Rules of Civil Procedure will surely "prevent the Plaintiff from conducting meaningful discovery regarding the facts and circumstances surrounding his injury," but it is not the County who wields the "pleading rule as a hammer" (Doc. 13, p. 14); instead, it is the Court's responsibility to enforce compliance with the procedural requirements of the Federal Rules of Civil Procedure.  See, e.g., Doe v. Rostker, 89 F.R.D. 158, 163 (D. Cal. 1981) ("This court has both the duty and the right to ensure compliance with the Federal Rules and to take action necessary to achieve the orderly and expeditious disposition of cases").

> working in a ditch when a co-employee/inmate using a chainsaw cut down a tree which landed on the Plaintiff." (Doc. 1, ¶ 5.)

3. "Defendant Barbour County placed Plaintiff in a dangerous work environment with knowledge that Plaintiff had risk of serious harm. As a result of Barbour County's deliberate indifference to the substantial risk of serious harm to Plaintiff, the Plaintiff was rendered a paraplegic …." (Doc. 1, ¶ 6.)

The Eleventh Circuit has consistently held that to survive a Motion to Dismiss, a plaintiff must allege something more than mere legal conclusions. See Aquatherm Industries, Inc. v. Florida Power & Light Co., 145 F.3d 1258, 1261 (11th Cir. 1998) (affirming dismissal and approving district court's reasoning that "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted"). "Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted). It is well established that ***unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal*** under Rule 12(b)(6). Marsh, 268 F.3d at 1036 n.16 ("In the light of the usual pleading requirements of Fed. Rule Civil Proc. 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. See Stanton v. United States, 434 F.2d 1273, 1276 (5th Cir. 1970). See also Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974). We count the 'developed and implemented ... with deliberate indifference to the medical needs ....' language in this unsupported-conclusion category. See generally Mass. School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998) (a review court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited')"); see also South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

3

The Supreme Court has recently confirmed that the pleading standard for purposes of a Motion to Dismiss require factual allegations that support a plausible claim, rather than bald legal conclusions. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007) ("***Factual allegations must be enough to raise a right to relief above the speculative level*** …. So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court' ") (internal citations omitted) (emphasis added). The Eleventh Circuit has adopted Bell Atlantic as the standard by which motions to dismiss are to be held. Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) ("In order for the plaintiff to satisfy his 'obligation to provide the grounds of his entitlement to relief,' he must allege more than 'labels and conclusions'; his complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level.' [] Stated differently, ***the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief'*** ") (quoting Bell Atlantic, 127 S. Ct. at 1964-65, 196-67) (emphasis added).

Further, almost every Circuit has confirmed that Bell Atlantic clarified the standard of review for a motion to dismiss is narrowed to accepting as true only all well-pled facts in the complaint, that is, only plausible, non-conclusory, and non-speculative facts. See Dudnikov v. Chalk & Vermilion Fine Arts, Inc., __ F.3d __ [Ms. 06-1458, January 28, 2008] (10th Cir. 2008) (holding, "our review of the district court's dismissal is *de novo,* taking as true all well-pled (that is, ***plausible, non-conclusory, and non-speculative***, []) facts alleged in plaintiffs' complaint") (citing Bell Atlantic, 127 S. Ct. at 1965) (emphasis added). See also, Parker v. Hurley, __ F. 3d __ [Ms. 07-1528, January 31, 2008], *5 (1st Cir. 2008) (quoting Bell Atlantic, 127 S. Ct. at 1965); Goldstein v. Pataki, __ F.3d __ [Ms. 07-2537, Feb. 1, 2008], *4 (2d Cir. 2008) (citing ATSI Commc'ns., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965)); Stevenson v. Carroll, 495 F.3d 62,

4

66 (3d Cir. 2007) (citing Bell Atlantic, 127 S. Ct. at 1964-1965); Lanier v. Norfolk Southern Corp., __ Fed. Appx. __ [Ms. 06-1986, December 5, 2007], *3 (4th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965, 1969, 1974) (unpublished decision); Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., __ F.3d __ [Ms. 06-11283, December 21, 2007] *1 (5th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965); Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 550 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965); Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965); Jervis v. Mitcheff, __ Fed. Appx. __ [Ms. 06-4236, December 13, 2007], *2 (7th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965-66) (unpublished decision).

Here, the Plaintiff has failed to provide any facts in his Complaint to support the bald legal conclusions that he has asserted. Rather, he contends that these mere legal conclusions are sufficient to move the case to the discovery stage, where he hopes he will uncover some fact that will make his claims plausible.

### A. The Plaintiff's willful negligence claim fails to satisfy the minimum standard of pleading under the Federal Rules of Civil Procedure.

Although the Plaintiff contends in his Response that he has sufficiently pled his state law claim, he fails to plead any facts that support the existence of a duty or a breach of that duty. Instead, the Plaintiff maintains that "Rule 8, A.R.C.P., does not require that ***all elements*** or facts of the Plaintiff's claim be pled in the Complaint." [2] (Doc. 13, p. 7, emphasis added.) In fact, the Plaintiff ultimately concedes his failure to plead the requisite factual allegations and attempts to justify that failure, stating, "The issue of whether a duty was owed to the Plaintiff by Barbour County will

---

[2] Under the burden of pleading advocated by the Plaintiff, he would only have to include the words "willful negligence" in his Complaint, because those mere words would provide the County "fair notice …as to the claims being asserted against it." (Doc. 13, p. 7.) Obviously, the burden of pleading advocated by the Plaintiff is inconsistent with the burden imposed by the Federal Rules of Civil Procedure.

ultimately be decided by the Court based on facts and circumstances surrounding the Plaintiff's injury, which at this point are largely unknown by the Plaintiff." (Doc. 13, p. 6.)

If the Plaintiff cannot allege any fact that support the legal conclusion that Barbour County owed him a duty and breached that duty, the Plaintiff cannot state a claim for negligence, much less willful negligence, under Alabama law. City of Mobile v. Havard, 289 Ala. 532, 537, 268 So. 2d 805, 809 (Ala. 1972) (holding that the trial should have granted the defendant's motion to dismiss because "[n]egligence is averred merely as a conclusion of the pleader and ***no facts are presented to show a duty this defendant owed to plaintiff's decedent*** …. We are of the opinion that the facts alleged by plaintiff fail to show that this defendant owed any duty to plaintiff's decedent, the breach of which resulted in his death") (emphasis added); Adcock v. Windham, 450 So.2d 457, 459 (Ala. 1984) ("The three essential elements of a complaint alleging negligence are: (1) a legal duty; (2) an injury; and (3) a breach of that legal duty which is the proximate cause of the injury. See T G & Y Stores v. Atchley, 414 So. 2d 912, 914 (Ala. 1982). ***The absence of any of these elements renders a complaint bad*** or the evidence insufficient. City of Mobile v. Havard, 289 Ala. 532, 536, 268 So. 2d 805, 808 (1972)") (emphasis added). See also, Akpan v. Farmers Ins. Exchange, Inc., 961 So. 2d 865, 872 (Ala. Civ. App. 2007) (holding that where one of the requisite elements of negligence, specifically duty, was negated, the defendant was entitled to judgment as a matter of law).

Because the Complaint contains no allegations that the County owed the Plaintiff a duty, or that the County breached that duty, the Complaint does not state a claim under Alabama law, and because the Complaint further failed to allege any factual allegations whatsoever in support of the elements of a claim for willful negligence, the Complaint fails to satisfy the minimum burden of pleading under the Federal Rules of Civil Procedure. Of course, the failure to allege a valid claim for willful negligence renders the remaining of the Plaintiff's claims barred by Ala. Code § 14-8-

6

40, which provides that "[a]ny inmate participating in a work release program authorized by this chapter or otherwise working outside the jail or a correctional facility *shall have no cause of action against the county* … related to such activities, unless the county or community corrections agency, or employee thereof, is willfully negligent in carrying out their responsibilities."[3]  (Emphasis added.)

      **B.**      **The Plaintiff has failed to satisfy the minimum standard of pleading for any federal claim under the Federal Rules of Civil Procedure.**

Regarding his deliberate indifference claim, the Plaintiff contends that he has satisfied the "liberal pleading requirements of Rule 8 … [and] has properly stated a claim … for violation of his Eighth Amendment rights." (Doc. 13, p. 13.)  The Plaintiff hangs sufficiency of pleading argument on one allegation: " '[a]s a result of Barbour County's deliberate indifference to the substantial risk of harm to Plaintiff, the Plaintiff was rendered a paraplegic as a result of the injuries that he received.' " (Doc. 13, p. 13.)  However, this allegation, alone, does not satisfy the minimum pleading requirements for a deliberate indifference claim.  This allegation is nothing more than a bald legal conclusion intermingled with few and sparse factual allegations.  As with his state law claim, the Plaintiff has failed to allege the requisite elements of a deliberate indifference claim, much less facts that support those elements.  Neither does the Plaintiff plead facts to support any elements of a deliberate indifference claim.  Instead, he again justifies his failure to plead adequate factual allegations to support his federal claim, stating that his counsel "is unable to talk to witnesses because the identity of the witness will remain unknown until discovery is conducted." (Doc. 13, p. 14.)  The Plaintiff's argument regarding his burden of proof that the deficiencies of the Complaint must be overlooked

---

[3] Notably, this argument was asserted in the County's Motion to Dismiss the Plaintiff's earlier action in state court (see Exhibit B to Doc. 4.), and as a result, the Plaintiff included the two-paragraph claim for willful negligence in his federal Complaint. (Doc. 1.)

because they *might be rectified during discovery*,[4] is entirely contrary to the Rules of Federal Procedure. See Bell Atlantic, 127 S. Ct. at 1965.

## II.    BARBOUR COUNTY IS ENTITLED TO SOVEREIGN IMMUNITY.

### A.    Barbour County is entitled to sovereign immunity under § 14 of the Alabama Constitution

As the Plaintiff recognizes, in Ex parte Tuscaloosa County, 796 So. 2d 1100 (Ala. 2000), Town of Loxley v. Coleman, 720 So. 2d 907 (Ala. 1998), and Rutledge v. Baldwin County, 495 So. 2d 49 (Ala. 1986), the finding of an agency relationship between the county and the State depended on the delegation of duties by a State agency to a county pursuant to statute or procedure promulgated by a State agency. (Doc. 13, p 8.) Here, the Department of Corrections loaned the Plaintiff to the County both pursuant to statute and pursuant to the procedures of the Department of Corrections. See Ala. Code §§ 14-5-10, 14-5-30. As the Plaintiff concedes in his Complaint, "at the time of his injury [he] was incarcerated by the State of Alabama Department of Corrections" when he "was *by contract* loaned to Barbour County for work involving debris removal" from roadways. (Doc. 1, ¶ 3, emphasis added.) The Complaint provides that "*[a]s part of the sentence* [he was serving with the Department of Corrections], the Plaintiff was required to report to work." (Doc. 1, ¶ 4.) It is clear that from the face of the Complaint, that by employing the Plaintiff *as part of his sentence with the Department of Corrections*, Barbour County was acting as an agent of the Alabama Department of Corrections because, at the very least, the Department of Corrections delegated to the County its duty to supervise the Plaintiff during work performed as part of his sentence.

The Plaintiff does not dispute that the Department of Corrections would have been entitled to absolute immunity from suit for its role in the Plaintiff's injury, or for any other liability that arose

---

[4] Of course, the Plaintiff candidly concedes that he "may ultimately not be able to sustain his burden of proving" his claims. (Doc. 13, p. 4.)

8

out of the Plaintiff's sentence with the Department of Corrections. Rather, the Plaintiff attempts to create false dichotomy between the facts of this case and the facts of the Alabama Supreme Court cases directly on point. In Town of Loxley v. Coleman, 720 So. 2d 907 (Ala. 1998), for example, the Alabama Supreme Court has already addressed the dispositive issue in this case: whether a County may be liable to a State inmate for an injury that occurred while the Plaintiff was working for a local entity as part of his sentence with the Department of Corrections. The Plaintiff takes issue with the fact that, here, he has alleged that he was performing work for the County, as opposed to the State. (Doc. 13, p. 9.) However, in Coleman, the plaintiff was working for a municipality, the Town of Loxley.[5] Coleman, 720 So.2d at 908 ("The plaintiff, Wilmer B. Coleman, is a state prisoner who participated in a work-release program *through which he worked for the Town*") (emphasis added). Although the Plaintiff contends that this "Court [must] perform legal gymnastics in order to find that Barbour County became an agent for the State simply by exercising control over the Plaintiff" on behalf of the Department of Corrections, that is the very conclusion the Alabama Supreme Court reached when applying Alabama law to the very issue presented here. (Doc. 13, p. 9.)

Accordingly, under Alabama law, Barbour County stood in the shoes of the Department of Corrections when it acted as an agent of the Department of Corrections in supervising the Plaintiff while he worked for Barbour County as part of his sentence and, therefore, the County is entitled to the same immunity to which the Department of Corrections is entitled.[6]

---

[5] As is alleged here, the plaintiff in Coleman was working for the Town of Loxley, under the supervision of the Town of Loxley, to the benefit of the Town of Loxley, not the State. (Compare, Doc. 13, p. 9-10, with Coleman, 720 So.2d at 908.) Contrary to the Plaintiffs contentions, the County need not show that his work "benefitted the State in any way" for the County to have acted as an agent for the State. (Doc. 13, p. 10.) The mere fact that the County was performing duties for which the Department of Corrections would have been responsible was sufficient. See Coleman, 720 So.2d at 908.

[6] The County maintains that, as an agent for the Department of Corrections, it acted as an "arm of the State," and, as such, it should be entitled to the Eleventh Amendment immunity to which the Department of Corrections would also be entitled. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*) Zabriskie v. Court Admin., 172 F. App'x 906, 907-08, (11th Cir. 2006) (quoting Manders, 388 F.3d at 1308)

> **B.     The "loaned servant" doctrine has no bearing on any issue potentially relevant to this action.**

The Plaintiff contends in his Response that the County has "misconstrue[d] the State's long held 'loaned servant' doctrine;" however, the County could not have misconstrued this doctrine when it never addressed it in its Motion to Dismiss.[7] (Doc. 13, p. 10.) The "loaned servant" doctrine provides that "one in the general employ of one master may with respect to particular work be transferred to the service of a third person in such a way that he becomes for the time being the servant of that person, with all the legal consequences of that relationship." United States Fid. & Guar. Co. v. Russo Corp., 628 So.2d 486, 488 (Ala. 1993). The Plaintiff's reliance on this doctrine is clearly misplaced. Despite the Plaintiff's contentions, the "loaned servant" doctrine imposes no duty on either the "master" or the "third party" to protect one "loaned servant" from the negligent acts of another "loaned servant." Instead, the "loaned servant" doctrine is an employer's ***defense to liability*** for the conduct of a loaned employee. See Hosea O. Weaver & Sons, Inc. v. Towner, 663 So.2d 892, 897 (Ala. 1995) (holding that "the loaned servant doctrine is an affirmative defense and that the defendant has the burden of proof on such a defense"). Here, the County is not using the "loaned servant" doctrine as a defense in this action, so it has no bearing on any issue relevant to this Motion to Dismiss.[8]

---

(unpublished decision). Although the Plaintiff contends that the County does not meet the four-part test outlined in Manders for determining if a defendant acted as an "arm of the State," the Plaintiff ignores the fact that under Alabama law, the County acted as an agent for the Department of Corrections and is entitled to the same immunity to which the Department of corrections would be entitled, including Eleventh Amendment immunity. See Manders, 338 F.3d at1308 ("the resolution of the Eleventh Amendment issue … ***depends, in part, on state law***") (emphasis added). Of course the test set forth by Manders and advocated by the Plaintiff is useful in determining whether an individual defendant acted as an "arm of the state," but this test has not been applied to deprive a municipal entity of the immunity to which a State agency would be entitled when the entity acts on behalf of the State agency pursuant to state law, as is the case here.

[7] The Plaintiff contends in his Response that the County "agrees … that at the time [of the accident] [the Plaintiff] was acting as an agent of Barbour County as a borrowed servant." (Doc. 13, p. 11.) This statement is entirely without basis; as discussed above, the County does not even address the "loaned servant" doctrine in its Motion to Dismiss, and it contends, to the contrary, that it was acting as an agent for the Department of Corrections, not that the Plaintiff acted as an agent of Barbour County. (Doc. 8, pp. 3-8.)

[8] Had the Plaintiff sued the Department of Corrections, perhaps it could have employed the "loaned servant" doctrine as a defense to its liability, but the doctrine has no clear application to the parties in this case.

### III. THE PLAINTIFF'S FEDERAL CLAIM IS DUE TO BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Even assuming *arguendo* that Barbour County was not acting as an agent or instrumentality for the Department of Corrections in employing the Plaintiff in a work-release program, the Complaint still fails to state a valid federal claim against Barbour County under § 1983.[9] As discussed above, the Plaintiff has conceded that he has not alleged facts to support the requisite elements of a deliberate indifference claim, because "most of the knowledge regarding the facts surrounding the Plaintiff's injuries are in the hands of the Defendant and will remain there until some discovery is conducted."[10]  (Doc. 13, p. 14.)

Further, as discussed below, the Plaintiff has conceded that, at most, any action or inaction on behalf of the County constituted mere negligence and cannot support any claim for deliberate indifference.[11]  See Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind ***more blameworthy than negligence***") (emphasis added); Wilson v. Seiter, 501 U.S. 294, 305 (1991) (observing that the "obduracy and wantonness [necessary to support a deliberate indifference claim] requires behavior marked by persistent malicious cruelty …. Negligence, clearly, is inadequate to support an eighth amendment claim").  In fact, the Eleventh Circuit has held that even "gross negligence" will not support a deliberate indifference claim.  See Saltzman v. Board of Comm'rs of North Broward Hosp. Dist., 239 F. App'x 484, 487-88 (11th Cir. 2007) (Negligence, even if gross, cannot constitute deliberate indifference") (citing Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005)) (unpublished decision); Cottrell v. Caldwell, 85 F.3d

---

[9] Barbour County in no way concedes that it was not acting as an agent for the Department of Corrections, but contends, as the allegations of the Plaintiff's Complaint reveal, that it was acting on behalf of the Department of Corrections in employing the Plaintiff in a work program.  Neither does Barbour County concede that any of the Plaintiff's claims may proceed against it.

[10] Notably, the Plaintiff does not contend that he has ***no knowledge whatsoever*** of the facts surrounding the incident; only that the County has "most of the knowledge."  (Doc. 13, p. 14.)  Apparently, the Plaintiff has only enough knowledge to know that, whatever the facts, the County is liable.

[11] The Plaintiff has failed to allege facts that, if true, would support a finding of an "unnecessary and wanton infliction of pain" by Barbour County.  In fact, the Plaintiff has failed to allege any conduct on behalf of Barbour County that could be even remotely construed as "wanton."

1480, 1490 (11th Cir. 1996) ("In any event, the Supreme Court's recent decision in <u>Farmer v. Brennan</u>, … which was released after this case left the district court, makes it clear that 'gross negligence' is not part of the standard for judging custody mistreatment claims under the Due Process Clause").

IV.  **THE PLAINTIFF'S STATE LAW CLAIM IS DUE TO BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

As discussed above, the Plaintiff has too conceded his failure to allege a claim for willful negligence because he has no facts within his knowledge to support such a claim without having conducted discovery. (Doc. 13, pp. 1, 6-7.) Rather, he contends he has provided the County "fair notice of his claim," even though he "may ultimately not be able to sustain his burden of proving a claim for willful negligence," and that "[w]hile Plaintiff may not ultimately prevail on this [willful negligence] claim, it has given Barbour County notice that it was willfully negligent." (Doc. 13, pp. 4, 7.) As discussed above, the Plaintiff bears a heavier burden than merely including the name of the claim in his Complaint; he must also include the elements of that claim (here, the existence of a duty, the breach of that duty, and the allegation that the breach proximately caused the Plaintiff's injury) and factual allegations that support those elements, all of which are conspicuously absent from this Complaint.[12]  See <u>City of Mobile v. Havard</u>, 289 Ala. At 537, 268 So. 2d at 809. The Plaintiff's failure to satisfy his burden of pleading renders his claims deficient and warrants their dismissal. <u>Bell Atlantic</u>, 127 S. Ct. at 1965.

Assuming *arguendo* that the Plaintiff had satisfied his burden of pleading for his state law claim, it must nevertheless be dismissed for failure to state a claim upon which relief may be granted. The Plaintiff mistakenly assumes that, in passing § 14-8-40 Ala. Code 1975, the Alabama Legislature

---

[12] The Plaintiff mistakenly contends that the existence of a duty is a question of fact. (Doc. 13, p. 6, "It is simply premature [before discovery] for Barbour County to conclusively state at this point that it owed absolutely no duty to the Plaintiff.") However, as a matter of long-established Alabama law, the existence of a duty is strictly a matter of law for the courts to decide. <u>RaCON, Inc. v. Tuscaloosa County</u>, 953 So. 2d 321, 334 (Ala. 2006) ("Whether a party owes a duty to another is strictly a question of law"). No amount of discovery will help the Plaintiff plead the existence of a duty that does not exist.

intended to create a private cause of action against a county for willful negligence.[13] Unsurprisingly, the Plaintiff cites no case law that supports his conclusion that § 14-8-40 supports a private cause of action against a county for willful negligence; no such case law exists. Rather, the Plaintiff contends that other statutory language in § 14-4-6, Ala. Code 1975, "prescribes rules and regulations by which the County must abide when using convicts to maintain its public roads." (Doc. 13, p. 6.) In fact, this statute only authorizes counties to use state inmates to work on public roads of the county; it does not create any rules and regulations, much less impose any duty upon the County. Ala. Code 1975 § 14-4-6 ("Whenever the county commission of a county deems it to the best interest of the county to use the county convicts in building, repairing and working the public roads of the county, it may so work them under rules and regulations to be prescribed by the Board of Corrections, which shall be uniform throughout the state for working county convicts on the public roads"). Nevertheless, the Plaintiff concedes that he has not alleged in his Complaint the existence of a duty or the breach of that duty by the County, and his Response brief is not a forum in which he may retroactively rectify the deficiencies of his Complaint.

V.  THE PLAINTIFF HAS ABANDONED ALL OTHER CLAIMS IN THE COMPLAINT THROUGH HIS FAILURE TO ADDRESS THE COUNTY'S ARGUMENTS IN ITS MOTION TO DISMISS.

The Plaintiff has failed to address in his Response the County's arguments regarding the following issues in its Motion to Dismiss: that, assuming the Complaint alleges any action or inaction on behalf of the County,[14] the Plaintiff has failed to allege any conduct on the part of the County that

---

[13] The Plaintiff discusses at length in his Response the application of § 14-8-40 to work-release inmates, as opposed to inmates working outside the jail. (Doc. 13, pp. 5-6.) To the extent that the County predicated its arguments in the Motion to Dismiss on the Plaintiff's status as a "work-release inmate," it did so unintentionally. Whether the Plaintiff participated in a "work-release program" is irrelevant because the Complaint alleges that the Plaintiff participated in a work program for the County. Despite the Plaintiff's efforts to create his dispositive distinction in the Plaintiff's working status, the analysis for either scenario is the same.

[14] The County by no means concedes that the Complaint alleges any action or inaction on its behalf. The only allegation specific to Barbour County is the Plaintiff's claim that he was "by contract loaned to Barbour County for work involving debris removal" and that he was in Barbour County's "custody and/or control." (Doc. 1, ¶¶ 3, 4, 5.) The remainder of the Plaintiff's Complaint consists of nothing more than bare legal conclusions without supporting factual allegations.

amounted to more than mere negligence (Doc. 8, pp. 13-15); that the Plaintiff has failed to allege any basis for the County's liability in either policy or custom (Doc. 8, pp. 15-16); that the Plaintiff has failed to allege that the County was the "moving force" behind his injury (Doc. 8, pp. 16-17); that the Complaint impermissibly asserts claims against the County on the basis of *respondeat superior* (Doc. 8, pp. 17-18); and, that the County is immune from punitive damages (Doc. 8, pp. 23-24).

Because the Plaintiff has failed to address the County's arguments on these issues in his Response, he is deemed to have waived these issues, any of which would entitle the County to dismissal of the Plaintiff's claims. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (finding that a party who fails to address an issue has waived it); Lyes v. City of Riviera Beach, Fla., 126 F.3d 1380, 1388 (11th Cir. 1997) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments. . . ."); Coalition of the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (party's failure to brief and argue an issue is grounds for considering it abandoned). See also Sheesley v. The Cessna Aircraft Co., ___ F. App'x ___, 2006 WL 1084103, *30 n.14 (D. S.D. 2006) ("Plaintiffs do not dispute this argument in their response brief, and thus, the court finds plaintiffs have waived their claim based upon implied warranties.") (not reported in F. Supp. 2d); Bruzer v. Danek Medical, Inc., ___ F. App'x ___, 1999 WL 613329, at *5 n.5 (D. Minn. 1999) ("The Plaintiffs have not responded to the Defendants' argument regarding their claim for manufacturing defect, apparently waiving that claim. The Court, therefore, will grant the Defendants' Motion with regard to the claim for manufacturing defect.") (not reported in F. Supp. 2d).

Having conceded these issues, the Plaintiff cannot maintain a valid claim against the County under federal or state law. Because the Plaintiff has failed to allege any valid claim against the County, the Complaint is due to be dismissed.[15]

## CONCLUSION

Based upon the foregoing, it is clear that the Plaintiff's claims are, at most, a thinly veiled attempt to hold the County liable on a theory of *respondeat superior* for the actions of the Plaintiff's co-employee. Accordingly, the Defendant Barbour County, Alabama, requests this Court to grant its Motion to Dismiss and enter an order dismissing all claims against it in this action.

Respectfully submitted this the 3rd day of March, 2008.

>                s/C. Richard Hill, Jr.
> **C. RICHARD HILL, JR. (HIL045)**
> JOSEPH L. HUBBARD, JR. (HUB015)
> Attorneys for Defendant
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1772
> E-mail:  rhill@webbeley.com

---

[15] In the Conclusion of his Response, the Plaintiff states, "In the event the Court determines that he [sic.] Plaintiff has failed to pled [sic.] sufficient facts in his Complaint, Plaintiff respectfully requests that he be allowed to amend his Complaint." (Doc. 13, pp. 14-15.) Although this statement cannot be construed as a motion for leave to amend, the Plaintiff has already established that leave to amend his Complaint would not provide him an opportunity to state a valid claim against the County. As the Plaintiff has argued throughout his Response, he cannot allege any more facts to support his claims without first conducting discovery. (Doc. 13, pp. 1-2, 6, 14.) Of course, a valid claim must be alleged ***prior to discovery*** for an action to survive a motion to dismiss. See Bell Atlantic, 127 S. Ct. at 1965.

**CERTIFICATE OF SERVICE**

    I hereby certify that on the **3rd** day of **March**, **2008**, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following: **Thomas H. Benton**; **Bryan G. Duhe**, attorneys for the Plaintiff.

                                           **s/C. Richard Hill, Jr.**
                                           OF COUNSEL