IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL TRAVIS BUCKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-1119-WKW |
| | ) | |
| BARBOUR COUNTY, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This case is before the court on Defendant Barbour County's ("the County's") Motion to Dismiss (Doc. # 7) and Plaintiff Michael Buckley's ("Buckley's") Motion for Leave to Amend the Complaint (Doc. # 13, at 14-15). For the reasons given below, Buckley's Motion is due to be GRANTED. The court hereby VACATES its previous order staying discovery (Doc. # 11) subject to the guidelines contained herein, and finds that the County's Motion to Dismiss (Doc. # 7) and Motion to Stay Discovery (Doc. # 10) are due to be denied as MOOT in light of Buckley's Motion for Leave to Amend the Complaint.

### **I. PROCEDURAL BACKGROUND**

Buckley filed suit on December 26, 2007, alleging that he was severely injured when the Alabama Department of Corrections loaned him to the County to do right-of-way debris removal and clearance work. (Compl., at ¶5.) Buckley simultaneously served written discovery requests on the County (Doc. # 2), even though the parties had not yet conferred pursuant to Rule 26(f). Fed.R.Civ.P. 26(d)(1). On January 22, 2008, the County timely moved to dismiss the Complaint,

and three days later, moved to stay discovery. (Doc. # # 7, 10.) The Motion to Stay Discovery was granted on January 29, 2008. (Doc. # 11). On February 19, 2008, Buckley opposed the County's Motion to Dismiss and alternately requested that he be allowed to amend his Complaint. (Doc. # 13.)

## II. <u>DISCUSSION</u>

Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ." Fed.R.Civ.P. 15(a). It is well-settled in the Eleventh Circuit that a motion to dismiss is not considered a responsive pleading for purposes of Rule 15(a). *Fortner v. Thomas,* 983 F. 2d 1024, 1032 (11th Cir. 1993). Thus Plaintiff is entitled to file an amended pleading as a matter of right.

Nonetheless, Rule 16 authorizes this court to set conferences and schedules, including deadlines to amend the pleadings, so that cases may be processed efficiently. Fed.R.Civ.P. 16(b)(3)(A). Accordingly, this court determines that it shall establish deadlines for the orderly administration of this case.

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Amend Complaint (Doc. # 13) is GRANTED;

2. The Defendant's Motion to Dismiss (Doc. # 7) is DENIED as moot;

3. The court's previous order staying discovery (Doc. # 11) is VACATED;

4. The defendant's Motion to Stay Discovery (Doc. # 10) is DENIED as moot;

5. On or before **July 25, 2008**, the parties are to conduct a telephonic conference pursuant to Rule 26(f). A Rule 26(f) Report of Parties must be jointly prepared and filed within **fourteen (14) days** after that conference. The Report of Parties should comply with Form 35 of the Appendix of Forms to the Federal Rules of Civil Procedure.

6. On or before **August 11, 2008**, the parties must exchange Disclosures required by Rule 26(a)(1)(A)(i)-(iv). In addition to the required Disclosures, the County is ORDERED to:

   a. Identify by name and, if known, address and telephone number, each County official, administrator, or employee who was supervising work done at the job-site on the date that Buckely was injured on or around November 10, 2006;

   b. Identify by name, and if known, address and telephone number, of the person or persons who cut down the tree that injured Buckley;

   c. Produce for inspection and copying, as under Rule 34, a copy of any County policies related to the training and supervision of workers performing right-of-way debris removal and clearance work;

   d. Produce for inspection and copying, as under Rule 34, a copy of any agreement between the State of Alabama Department of Corrections and the County pursuant to which Buckley was "loaned" to the County to do right-of-way debris removal and clearance work;

   e. Produce for inspection and copying, as under Rule 34, a copy of any insurance agreement, including any workers compensation policies, under which an

       insurance company may be liable for to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

7. On or before **August 14, 2008**, the County must serve responses to Buckley's December 26, 2007 written discovery requests.

8. On or before **August 28, 2008**, the parties must file a jointly prepared report detailing the status of discovery, including any discovery disputes or timing issues. After reviewing the report, the court will issue a Uniform Scheduling Order that will include dispositive motion deadlines, and pretrial and trial dates.

9. On or before **September 4, 2008**, Buckley may file an Amended Complaint and/or add new parties, including any Barbour County officials or administrators. The County will have **twenty one (21) days** to move or plead in response to an Amended Complaint if one is filed. If no Amended Complaint is filed, the County may file a new or renewed motion to dismiss on or before **September 11, 2008.**

10. The parties are DIRECTED to schedule a conference call with this court before filing any discovery motions, including any motions for protective orders that are not agreed. DONE this 14th day of July, 2008.

                                        /s/   W.  Keith Watkins
                                   UNITED STATES DISTRICT JUDGE