IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL TRAVIS BUCKLEY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: 2:07-cv-1119-WKW-CSC ) |
| **BARBOUR COUNTY, et al.,** | ) ) |
| Defendants. | ) |

**DEFENDANT BARBOUR COUNTY'S MOTION FOR
RECONSIDERATION AND MODIFICATION
OF THE COURT'S JULY 14, 2008, ORDER**

COMES NOW Barbour County, Alabama, the Defendant in the above-styled cause, and moves for reconsideration and modification of this Court's July 14, 2008, Order. As grounds therefore, the Defendant sets down and assigns the following:

1.  The Plaintiff commenced the instant action in the District Court for the Middle District of Alabama on December 26, 2007. (Doc. 1.) The Plaintiff propounded written discovery requests on December 27, 2007. (Doc. 2.) On January 22, 2008, the Defendant filed a Motion to Dismiss and Brief in support thereof. (Docs. 7, 8.) On January 25, 2008, the Defendant filed a Motion to Stay Discovery pending this Court's resolution of its Motion to Dismiss. (Doc. 10.) This Court granted the Defendant's Motion to Stay Discovery on January 29, 2008. (Doc. 11.) On February 18, 2008, the Plaintiff filed a Brief in Opposition to the Defendant's Motion to Dismiss, in which he also requested leave to amend his Complaint in the event "the Court determines that the Plaintiff has failed to plead sufficient facts in his Complaint." (Doc. 13.)

2. On July 14, 2008, this Court issued an Order (Doc. 17) granting the Plaintiff's Motion for Leave to Amend the Complaint, while simultaneously denying as moot the Defendant's Motion to Stay Discovery and Motion to Dismiss. This Court further ordered that the Defendant serve responses to the Plaintiff's December 27, 2007, discovery requests on or before August 14, 2008. (Doc. 17 ¶ 7.)

3. Allowing for discovery to proceed prior to the filing of the Plaintiff's Amended Complaint would effectively abrogate the Defendant's sovereign immunity defense. The resolution of the dispositive issue of sovereign immunity is a pre-requisite to discovery in this case. The Defendant asserted in its Motion to Dismiss that it was acting as an agent of the State of Alabama at the time of the Plaintiff's injury. (Doc. 8, pp. 4-10.) When a county acts as an agent of the state, it is entitled to share in the state's absolute immunity. See Ex parte Tuscaloosa County, 796 So. 2d 1100, 1103 (Ala. 2000). This Court has adopted the general premise that "until the threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

4. Dismissal of the Defendant's Motion to Dismiss on grounds of mootness does not explicitly resolve the question of sovereign immunity. "The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."))

WHEREFORE, PREMISES CONSIDERED, the Defendant moves this Court to reconsider and modify its Order that the Defendant respond to the Plaintiff's December 26, 2007, discovery requests.

Respectfully submitted this the 6th day of August, 2008.

>s/C. Richard Hill, Jr.
C. RICHARD HILL, JR. (HIL045)
Attorney for Defendant
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
(334) 262-1850 - Telephone
(334) 262-1772 - FAX
rhill@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of August, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participant:  **Bryan G. Duhe, Esquire;** and **Thomas H. Benton, Esquire.**

>s/C. Richard Hill, Jr.
OF COUNSEL