IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL TRAVIS BUCKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CV-1119-WKW |
| | ) | |
| BARBOUR COUNTY, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is a Motion for Reconsideration and Modification of the Court's July 14, 2008 Order (Doc. # 18) filed by Defendant Barbour County, Alabama ("Barbour County"). For the reasons to follow, the court finds that Barbour County's motion is due to be denied.

In the court's July 14 Order, the court denied as moot Barbour County's motion to dismiss, finding that Plaintiff Michael Travis Buckley ("Buckley") was entitled to amend his complaint, as he had requested, and that a limited period of discovery was appropriate. (Doc. # 17.) The court staggered the deadlines for the exchange of limited discovery. Those deadlines precede September 4, 2008, which is the date by which Mr. Buckley must file an amended complaint. (*Id.*) In its present motion for reconsideration, Barbour County seeks relief from the court's July 14 Order, which directs it to respond to Mr. Buckley's written discovery requests on or before August 14, 2008. (Doc. # 18, ¶ 2.) As grounds for the requested relief, Barbour County argues that requiring these discovery disclosures prior to the

September 4 deadline for Mr. Buckley to amend his complaint "would effectively abrogate [its] sovereign immunity defense," which it asserts pursuant to the Eleventh Amendment and Article I, § 14 of the Alabama Constitution of 1901. (*Id.* ¶ 3; Doc. # 7, ¶ 1.)

Barbour County is entitled to sovereign immunity if it was acting as an arm or agent of the state when Mr. Buckley, an Alabama Department of Corrections inmate, was severely and permanently injured while on loan to Barbour County to do right-of-way debris removal work. Whether Barbour County is an arm or agent of the state is a fact-intensive question. *See, e.g., Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 908 n.2 (7th Cir. 1991) (recognizing that Eleventh Amendment immunity can "require[] a fairly fact-intensive analysis"); *Town of Loxley v. Coleman*, 720 So. 2d 907, 908 (Ala. 1998) (explaining that Article I, § 14 of the Alabama Constitution of 1901 provides agents of the state with immunity under certain circumstances). To determine, for instance, whether Eleventh Amendment immunity applies to Barbour County, the court must assess the "degree of control the State maintains over [Barbour County]," "where [Barbour County] derives its funds," and "who is responsible for judgments against [it]." *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003). These considerations, in turn, "must be assessed in light of the particular function in which [Barbour County] was engaged when taking the actions out of which liability is asserted to arise." *Id.* at 1308.

Having carefully considered the foregoing authority, the court finds that the fact-intensive inquiry of whether Barbour County is an arm or agent of the state will be benefitted

by the limited period of discovery authorized in the July 14 Order.[1] The complaint does not contain sufficient information upon which to base an informed and reasoned ruling on the question of sovereign immunity. While the complaint recites that a "contract" existed between Barbour County and the ADOC and that Mr. Buckley's injuries occurred while he was under the "care, custody and/or control of Barbour County," (Doc. # 1, ¶ 3), it is silent as to the degree of control the state maintained over Barbour County. The complaint does not recite any terms of the contract. Nor is the contract part of the record. There also are no allegations pertaining to who bears responsibility for Barbour County's obligations and liabilities.[2] These omissions from the complaint are not surprising, though, as it is apparent that Barbour County has readier access than Mr. Buckley to the evidence relevant to the sovereign immunity question. In fact, Mr. Buckley has represented that many of the facts material to his claims "are in the hands of [Barbour County]" and unknown to him. (Doc. # 13, at 1-2.) Obviously, Mr. Buckley should not be penalized for failing to plead facts of which he is unaware and that only Barbour County can provide. *See Hollingsworth v. Edgar*, No. 2:04cv935, 2006 WL 2009104, at *7 (M.D. Ala. July 18, 2006) ("No plaintiff could be expected to allege facts of which only the defendants have knowledge and control."). In short, based upon the present state of the pleadings, it is not possible to determine whether Mr.

---

[1] One purpose of the court's July 14 Order was to devise an orderly procedure to ferret out the facts pertinent to the sovereign immunity defense. To the extent that the court's reasoning for permitting limited discovery was stated implicitly, rather than explicitly, in the July 14 Order, this Order provides express clarification.

[2] It is worth mentioning that the brief Barbour County submitted in support of its motion to dismiss gave only cursory treatment to the factors set out in *Manders*. (Doc. # 8, at 9-10.)

3

Buckley's suit against Barbour County is a suit against the State of Alabama as required for sovereign immunity to attach.

The court is aware, as pointed out by Barbour County, that sovereign immunity "protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). Given the circumstances of this case, however, where the facts needed to resolve the immunity issue are not contained in the complaint and remain exclusively within the possession of Barbour County, the court finds that the limited discovery prescribed in the court's July 14 Order is both necessary and warranted. *See, e.g., Daniel v. Am. Bd. of Emergency Med.*, 237 F. Supp. 2d 336, 354 (W.D.N.Y. 2002) (permitting discovery pertaining to the state's control of a university before ruling on the university's Eleventh Amendment defense). With that said, the court emphasizes that Barbour County is not precluded from reasserting the defense of sovereign immunity, if appropriate, in a properly-supported motion to dismiss at the appropriate time, as set out in ¶ 9 of the court's July 14 Order. (Doc. # 17, ¶ 9.)

Accordingly, it is ORDERED that Barbour County's Motion for Reconsideration and Modification of the Court's July 14, 2008 Order (Doc. # 18) is DENIED.

DONE this 13th day of August, 2008.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE