**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **MICHAEL TRAVIS BUCKLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 2:07-cv-1119-WKW-CSC** |
| | ) |
| **BARBOUR COUNTY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**JOINT REPORT ON STATUS OF DISCOVERY**

COME NOW the parties in the above-styled action and submit this Joint Report on Status of Discovery. In support thereof, the parties set down and assign the following:

1.      The Plaintiff commenced the instant action in the District Court for the Middle District of Alabama on December 26, 2007. (Doc. 1.) The Plaintiff propounded written discovery requests on December 27, 2007. (Doc. 2.) On January 22, 2008, the Defendant filed a Motion to Dismiss and Brief in support thereof. (Docs. 7, 8.)

2.      On January 25, 2008, the Defendant filed a Motion to Stay Discovery pending this Court's resolution of its Motion to Dismiss. (Doc. 10.) This Court granted the Defendant's Motion to Stay Discovery on January 29, 2008. (Doc. 11.)

3.      On February 18, 2008, the Plaintiff filed a Brief in Opposition to the Defendant's Motion to Dismiss and, in the alternative, requested leave to amend his Complaint in the event "the Court determines that the Plaintiff has failed to plead sufficient facts in his Complaint." (Doc. 13.)

4.      On July 14, 2008, this Court issued an Order granting the Plaintiff's Motion for Leave to Amend the Complaint, while simultaneously denying as moot the Defendant's Motion to Stay Discovery and Motion to Dismiss. (Doc. 17.) This Court further ordered that the Defendant serve

responses to the Plaintiff's December 27, 2007, discovery requests on or before August 14, 2008, and required the County to file Initial Disclosures.  (Doc. 17 ¶¶ 6-7.)

5.     Because the parties have differing interpretations of this Court's Orders of July 14 and August 13, each party will set forth its own contentions separately below.

## PLAINTIFF'S CONTENTIONS

6.     Pursuant to the court's July 14, 2008 order (Doc. 17), Defendant responded to Plaintiff's Interrogatories and Requests for Production on August 14, 2008.  In its' response, Defendant appears to have identified those persons employed by Barbour County who either directly supervised the Plaintiff or were in charge of county road maintenance and repair.  The only documents produced, however, are a Self Insurance Fund Declaration and a one paragraph, unsigned incident report.  No documents were produced defining the relationship between Barbour County and the Alabama Department of Corrections relating to Barbour County's use of the Plaintiff, a state inmate, to perform work for Barbour County on its' County Road 49, where Plaintiff was injured.

7.     On August 21, 2008, Defendant served Initial Disclosures on Plaintiff's counsel, seven days after the court's August 14, 2008 deadline set forth in its' July 14, 2008 order (Doc.  17), however, no additional documents were produced or identified.

8.     After failing to receive any documents from the Defendant defining the relationship between Barbour County and the Alabama Department of Corrections relating to the use of state prisoners to work on county roads, the undersigned conducted further research and discovered Alabama Department of Corrections Regulations 320, entitled Inmate Work Squad Safety Near Roadways, which is attached hereto as Exhibit 1.

9.     This regulation, which is directly applicable to the work detail where Plaintiff was injured, sets forth numerous duties and responsibilities of Barbour County and Barbour County's

Inmate Supervisor or Representative when using state inmates to perform work near roadways. Based on Barbour County's failure to produce any related documents or to provide any information as to the identity of Barbour County's Inmate Supervisor as defined by regulation 320, on August 21, 2008, Plaintiff issued a subpoena to the Ventress Correctional Facility, where Plaintiff was incarcerated at the time of his accident.

10.     Plaintiff's counsel also sent Defendant's counsel a letter dated August 18, 2008, requesting to take the depositions of three county employees who were identified in Defendant's interrogatory responses. (Exhibit 2) Plaintiff's counsel requested that the depositions be taken either August 25, 27 or 29, because of Plaintiff's September 4, 2008 deadline to amend the complaint. Defendant's counsel responded by letter dated August 21, 2008, stating that they would not agree to the taking of the depositions because this court did not command or authorize pre-suit depositions. (Exhibit 3) Plaintiff, thereafter, noticed the depositions, however, Defendant's counsel has maintained its' position that depositions have not been authorized by the court. The foregoing sets forth the dispute that presently exists between the parties.

11.     The undersigned would never attempt to tell this court what its' intentions were in issuing an order, however, Plaintiff's counsel did not understand the Court's July 14 and August 13 Orders to prohibit the Plaintiff from taking depositions, especially when a Uniform Scheduling Order was entered on August 14, 2008, (Doc. 22). Plaintiff requests that he be allowed to depose the three Barbour County employees prior to amending his complaint on September 4, 2008, so that all necessary and appropriate defendants are included in this suit. Plaintiff must also identify all potentially culpable parties as soon as possible because the two year statute of limitations runs in November.

## DEFENDANT'S CONTENTIONS

12.     On August 13, 2008, this Court issued an Order clarifying that its purpose in the July 14 Order "was to devise an orderly procedure to ferret out the facts pertinent to the sovereign immunity defense. To the extent that the court's reasoning for permitting limited discovery was stated implicitly, rather than explicitly, in the July 14 Order, this Order provides express clarification." (Doc. 21, p. 3 n.1.) The Court further stated that the "fact-intensive inquiry of whether Barbour County is an arm or agent of the state will be benefited. One purpose of the court's July 14 Order was to devise an orderly procedure to ferret out the by the limited period of discovery authorized in the July 14 Order." (Doc. 21, pp. 2-3.)

13.     The County has interpreted the language of the Court's July 14 and August 13 Orders as providing the Plaintiff the limited discover specified in the July 14 Order *solely* for the purposes of determining the relationship between ADOC and Barbour County.

14.     The County has served its Initial Disclosures and its Responses to Plaintiff's Interrogatories and Request for Production, giving the Plaintiff all the documents required by the Court's July 14 Order.

15.     To the extent Plaintiff seeks information regarding the County's relationship with ADOC, that information is clearly set forth in ADOC Administrative Regulation 320. (See Exhibit 1, ADOC Administrative Regulation 320.) That regulation places responsibility for the relationship between ADOC and the County, as well as for all documents relation to that relationship, *solely* on the Warden of the ADOC facility. Id. Accordingly, the County does not and should not possess those documents. If they exist at all, they will be in the possession of the Warden of Ventress Correctional Facility, and accordingly, the County could not produce any such documents as

requested by Plaintiff.  Counsel for the County provided Counsel for the Plaintiff a letter dated August 26, 2008, explaining the same.  (Exhibit 4)

16.    On August 21, 2008, Plaintiff served on the Warden of Ventress Correctional Facility, a third-party discovery subpoena.  (Exhibit 5)

17.    Also, on August 21, 2008, Plaintiff served the County notices of the depositions of George Gamble, Kenneth Gilmore and Grover Forte for September 17, 2008.  (Exhibit 6)

18.    On August 25, 2008, Plaintiff served First Amended Notices of Deposition for George Gamble, Kenneth Gilmore and Grover Forte, with the depositions being noticed for September 3, 2008.  (Exhibit 7)

19.    As discussed above, the responsibility for establishing and maintaining the relationship between the ADOC and Barbour County falls squarely on the Warden of Ventress Correctional Facility.  Any knowledge that George Gamble, Kenneth Gilmore and Grover Forte have regarding that relationship would be inferior to the knowledge of the sole person responsible for establishing and maintaining the relationship between Barbour County and the ADOC, the Warden of Ventress Correctional Facility.

20.    In addition to the discovery the County has already provided Plaintiff, by the time the Plaintiff must file his Amended Complaint, he should have access to all the documents produced by the Warden of Ventress Correctional Facility regarding the establishment and maintenance of the relationship between ADOC and Barbour County.  Any information he could obtain from these depositions would be duplicative to the information obtained from ADOC.

21.    To the extent that the County has already participated in the discovery required by this Court, its protection from litigation expenses provided by sovereign immunity has been abrogated. The Plaintiff should not be allowed to require the County to expend further time and resources in

defending depositions that would only provide the same information the Plaintiff has requested from ADOC in a third-party subpoena. The Federal Rules of Civil Procedure do not require the County to offer parties for deposition before the Plaintiff can determine whether to add them as Defendants. Discovery conducted *after* the Amended Complaint is filed will establish liability.

22.    Counsel for all parties request a telephonic status conference on the issues set forth herein at the court's earliest convenience.

23.    Counsel for the Plaintiff has reviewed this Report and has given Counsel for the Defendant permission to submit his electronic signature to the Court below.

Respectfully submitted this the 28th day of August, 2008.


**s/C. Richard Hill, Jr.**
C. RICHARD HILL, JR. (HIL045)
JOSEPH L. HUBBARD, JR. (HUB015)
Attorneys for Defendant
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1772
E-mail:  rhill@webbeley.com


**s/Thomas H. Benton**
THOMAS H. BENTON, JR. (BENTT7091)
Attorney for Plaintiff
McFadden, Lyon & Rouse, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama  36609-5499
(251) 342-9172 –Telephone
(251) 342-9457 – Fax
tbenton@mlrlawyers.com





**BOB RILEY**
**GOVERNOR**

# State of Alabama
# Alabama Department of Corrections

Research and Planning
P. O. Box 301501
Montgomery, AL 36130-1501

**Donal Campbell**
**COMMISSIONER**

November 20, 2003

ADMINISTRATIVE REGULATION
NUMBER          320

OPR:  DEPUTY COMMISSIONER
OF OPERATIONS

## INMATE WORK SQUAD SAFETY NEAR ROADWAYS

**I.    GENERAL**

This regulation establishes responsibilities, policies, and procedures for the safety of inmate workers performing tasks near a roadway.

**II.   POLICY**

It is the policy of the Alabama Department of Corrections (ADOC) to promote and require certain safety measures to increase worker safety when assigned to perform work on the various roadways in the State. ADOC personnel and governmental agencies utilizing ADOC inmate labor are required to implement the contents of this regulation to minimize the opportunity for accidents and injuries near roadway work sites.

**III.  DEFINITION(S) AND ACRONYM(S)**

A.    Community Work Squads:  A squad that works outside of the institutional property for another governmental agency other than the ADOC. These work squads may provide work for municipalities, cities, counties, state and federal governmental agencies.

B.    Government Agency Inmate Supervisor/Representative:  Personnel from a participating outside governmental agency that is approved and trained to supervise inmates.

C.    Manual on Uniform Traffic Control Devices (MUTCD):  A manual produced to meet the special demand for uniform standards for traffic control during construction and maintenance operations on all streets and highways in the United States.  The American Traffic Safety Services Association (ATSSA) publishes MUTCD by special arrangement with the Federal Highway Administration.

D.    Letter of Understanding:  An agreement by a governmental agency with the ADOC, utilizing inmates for work squads near roadways, ensuring compliance with:

**EXHIBIT**
**1**

      1.     MUTCD guidelines.
      2.     Orientation requirements.
      3.     Quarterly training.
      4.     Applicable safety requirements.

E.    <u>Institutional Contact Person</u>:  The Warden or designee to whom the Governmental Agency Inmate Supervisor coordinates community work squads.

## IV.   RESPONSIBILITIES

A.    Wardens are responsible for:

    1.    Approving governmental agencies requesting inmates for a community work squad.

    2.    Obtaining and maintaining the letter of understanding.

    3.    Ensuring orientation and training courses are provided to non-department and department Governmental Agency Inmate Supervisors.

    4.    Developing their institutional Standard Operating Procedures (SOPs) on AR 320, Inmate Work Squad Safety Near Roadways, as needed.

B.    The governmental agency utilizing ADOC community work squads is responsible for:

    1.    Providing the required safety equipment for inmates.

    2.    Complying with the MUTCD guidelines.

    3.    Attending orientation and quarterly training sessions.

    4.    Training inmates on equipment operations safety.

C.    The ADOC Training Division is responsible for developing the orientation and refresher course.

D.    The Warden, or designee, is responsible for conducting the orientation and refresher course.

E.    The institution providing the community work squad will maintain records of the letter of understanding, orientation and quarterly training sessions.

## V.   PROCEDURES

Work squad safety procedures are as follows:

    1.    The governmental agency utilizing ADOC community work squads will:

      a. Submit a request to the Warden for assignment of inmates to an agency's work squad.

      b. Provide the Warden with a letter of understanding.

2. The Governmental Agency Inmate Supervisor or Representative will:

      a. Receive an orientation.

      b. Attend a quarterly refresher training session and convey the information to the one not in attendance.

      c. Enforce MUTCD guidelines.

3. All safety equipment/devices will be in compliance with MUTCD guidelines.

4. The minimum safety equipment required on roadways with speed limits 55 miles per hour and below are:

      a. Advanced warning signs "Prisoners Working".

      b. Strobe lights will be mounted on vehicle(s).

      c. Reflective vests for each inmate.

5. Minimum safety equipment required on roadways with speed limits above 55 miles per hour are:

      a. Advanced warning signs "Prisoners Working".

      b. Four corner strobe lights will be mounted on vehicle(s).

      c. Reflective vests for each inmate.

      d. Panel warning device(s) are not required unless deemed appropriate by the supervisor.

## VI.   DISPOSITION

The form implemented by this regulation will be disposed of in accordance with the Departmental Records Disposition Authority.

## VII.   FORMS

This regulation implements ADOC Form 320, Training Completion Documentation.

## VIII.   SUPERCEDES

This regulation is a new regulation developed for inmate safety.

## IX.   PERFORMANCE

The standards contained herein are applicable to all public roads regardless of type or class or agency having jurisdiction in accordance with Title 23, U.S. Code, Sections 109

ADOC AR 320 – November 20, 2003

(b), 109 (d), and 402 (a) and highways Safety Program Standard 13, "Traffic Engineering Services".


**ANNEXES:**

A.    Sample Letter of Understanding
B.    Rules and Key Issues for Supervising Inmates by Departmental and Non-Departmental Supervisors


Donal Campbell, Commissioner

ADOC AR 320 – November 20, 2003

*ALABAMA DEPARTMENT OF CORRECTIONS*

## TRAINING DOCUMENTATION

COURSE:                    Supervision of Inmate Work Squads Near Roadways

**HOURS:**                 **2 Hours**

DATE:                      _____

| Participant's Printed Name | Title | Agency | Signature | Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**I certify that the above participants have successfully completed the designated training on this _____ day of _____, 20___.**

_____     _____
**Trainer's Printed Name          Trainer's Signature          Date**

ADOC Form 320 – November 20, 2003

ADOC AR 320 – November 20, 2003

# LETTER OF UNDERSTANDING

This entity is committed to ensuring that compliance with the Manual on Uniform Traffic Control (MUTCD) will be accomplished as a requirement for assignment of an inmate work squad to perform tasks near a roadway. In addition, entities will commit to the Alabama Department of Corrections requirements to provide the required safety equipment to inmate work squads, provide safety training to inmates operating equipment, attend inmate work squad supervisor orientation and have a representative attend quarterly training sessions.

| | |
|---|---|
| _____ | _____ |
| Government Agency | Address |
| _____ | _____ |
| Government Official | City, State, Zip Code |
| _____ | _____ |
| Date | Telephone |
| _____ | _____ |
| Authorized Institutional Official | Institution |
| _____ | _____ |
| Date | Approved/Denied |

**Annex A to AR 320 – November 20, 2003**

ADOC AR 320 – November 20, 2003

**Alabama Department of Corrections**

## RULES AND KEY ISSUES FOR DEPARTMENTAL
## AND NON-DEPARTMENTAL SUPERVISORS

1.  Supervisors shall keep inmates under supervision at all times and shall ensure all inmates are present and accounted for at all times.

2.  An inmate is not allowed in any business, private building (house), or private vehicle at any time. Supervisors shall not allow inmates in stores to make purchases.

3.  Do not buy, sell or give anything to an inmate or give an inmate anything from someone else. Do not receive, take, or sell anything for an inmate. Do not lend money to or borrow money from an inmate. Except for tools, equipment, materials and supplies issued the inmate that are returned to you or contraband the inmate finds and turns over to you, do not accept any item(s) the inmate may want to give you.

4.  Supervisors shall not allow an inmate to receive any visits, make telephone calls, mail anything, possess money orders, nor carry on conversations with civilians while away from the institution.

5.  Remember "Safety at all Times." Orient each inmate in the use of issued equipment regardless of the inmate's claim of having had prior experience. Specifically, orientation should be conducted in the use of gasoline or electrically powered equipment before allowing him/her to use it.

6.  Supervisors shall not allow an inmate to stand up in a vehicle while the vehicle is in motion. The supervisor shall not operate vehicles or equipment in an unsafe or reckless manner, nor allow an inmate to do so. Seatbelts, as provided, will be used at all times when the vehicle is in motion.

7.  If an inmate declares a medical emergency or has a minor injury, contact the institutional contact person. If the injury is life threatening, you will need to call for medical aid (ambulance) and make the institution aware immediately. Remember, in all instances, use "Good Judgment."

8.  If you think you are missing an inmate, do not send another inmate to look for him/her. Cease work and gather all inmates on your squad into one location. Without leaving the remaining inmates unattended, determine whether the missing inmate can be located. If you are unable to locate the missing inmate, do not leave the remaining inmates alone. Notify your institution contact person immediately and then notify your supervisor.

9.  The limits of confinement will simply be extended if an inmate is lawfully incarcerated while outside the institution. An inmate shall not depart the place where he/she is assigned to work, except with the specific authorization of his/her immediate supervisor. However, being in an unauthorized area or unauthorized absence from his/her squad or assignment constitutes an escape. At any given time in the course of supervising inmates, an escape may occur. Should you experience an escape (or missing inmate) the below procedures are to be followed.

a. If an inmate escapes, cease work and gather all of your remaining inmates into one location. Do not leave them alone. Notify your institutional contact person immediately and then notify your supervisor.

b. Give a verbal command to "Stop". Do not try to physically stop the inmate.

c. Note the direction in which the escapee was headed if known, or last known location.

d. If a vehicle is used in an escape, note:

> (1) Color, make, and model
> (2) Tag number
> (3) Description
> (4) Number of occupants
> (5) Any other pertinent information.

e. Immediately report the situation to your supervisor and the institutional contact person. If you cannot reach the institution, contact 911 and then resume your efforts to reach the Institution.

f. Secure the area by grouping the inmate(s) in a designated area/vehicle and stay with your squad.

g. Avoid contaminating the area (i.e., walking around wooded areas and lots and possibly disturbing tracks which may be able to be picked up by the canine dog tracking team).

h. If it becomes necessary to leave the area prior to the arrival of correctional supervisor, mark the area.

i. Record events accurately in writing as soon as possible.

10. The following is a simple guide to report writing on the information usually needed:

> a. **WHO**- inmate name/number and/or person(s) involved.
> b. **WHAT**- what took place, what did you do?
> c. **WHEN**- date and time
> d. **WHERE**- location of the event or situation.
> e. **HOW**- how did the incident take place.

11. Inmate supervisors shall remain alert and observant of any unusual occurrence. Any unusual occurrence, incident, emergency or disciplinary situation shall be immediately reported to the correctional institution contact person and your supervisor. If your supervisor is contacted first, the institution contact person must still be notified. Initial reporting of an unusual incident is verbal. Required paperwork should be completed by the end of that day. Disciplinary Reports, Incident Reports, and Reports of Injury are examples of reports that must be written and turned in the date of occurrence to your facility contact person. Questions concerning whether an incident requires documenting should be discussed with

your immediate supervisor and if further review is necessary obtain assistance from your institutional contact person.

12. Supervisors shall not allow inmates to pickup or obtain contraband and/or introduce contraband on State property. Contraband is defined as any item(s) not issued or approved by the institution. As the inmate supervisor, you may not give or provide an item(s) to an inmate that is not work-related without authorization from the Department of Corrections. Any item of contraband found by an inmate during the course of the workday shall be immediately turned over to the inmate supervisor.

13. Supervisors shall not be disrespectful, harass, curse, or physically abuse an inmate. A supervisor shall not show favoritism between inmates, fraternize with inmates or play one inmate against another.

14. Supervisors shall not allow inmates to be disrespectful or threaten them or other civilians. Inmates will be prohibited from committing obscene acts, stealing, talking back, making slurred remarks or horseplay. Inmates are to address supervisors appropriately.

15. Supervisors shall manage inmates in such a manner as to induce good work habits, command the respect of inmates, and cause each inmate to complete the same amount of work.

16. Each inmate is expected to be properly dressed at all times in clothing (shirts, pants, underwear, Socks and shoes) that is issued to the inmate by the Department of Corrections. Other clothing shall not be given to the inmate, except required safety items such as hard hats, raincoats, safety vests and other specialized clothing required for work. Inmates shall work with their State uniform shirt on.

17. Supervisors shall check out inmates at the institution at the agreed upon time. Supervisors shall return to the institution at the agreed upon time with the assigned number of inmates.

18. The supervisor shall not allow an inmate to operate a vehicle or equipment, which requires a driver's license.

19. Gambling of any kind by staff and/or inmates is strictly prohibited.

20. Drugs and/or alcoholic beverages are strictly prohibited.

21. Ensure all safety requirements are followed.

22. Inmate work squads shall not be permitted to work at a school, community center or any site where minors are usually present, unless the minors are not on the premises.

**McFADDEN, LYON & ROUSE, L.L.C.**
ATTORNEYS AND COUNSELLORS AT LAW
718 DOWNTOWNER BOULEVARD
MOBILE, ALABAMA 36609-5499

STOVA F. McFADDEN
WILLIAM M. LYON, JR.
BETH McFADDEN ROUSE
WILLIAM S. McFADDEN
THOMAS H. BENTON, JR.
JOHN T. BENDER

TELEPHONE: (251) 342-9172
FACSIMILE: (251) 342-9457

August 18, 2008

VIA FACSIMILE: (334)262-1772

Charles Richard Hill, Jr., Esq.
Webb & Eley, P.C.
Post Office Box 240909
Montgomery, Alabama 36124-0909

Re:    Michael Travis Buckley vs. Barbour County, Alabama

Dear Richard:

I am in receipt of your discovery responses and thank you for the same. I note that in response to requests 7 through 9 you answer "not applicable". I am uncertain, however, as to the meaning of this response. Do you mean that your client has no documents or do you perceive the question as irrelevant in your eyes? In other responses you specifically state "none", which is why this matter is confusing. I request that you clarify your response immediately.

Also, I have enclosed deposition notices for George Gamble, Kenneth Gilmore and Grover B. Forte. I would like to take their deposition on August 25, 27 or 29th. Please let me know by tomorrow which of these dates are acceptable.

Sincerely,

MCFADDEN, LYON & ROUSE, LLC

Thomas H. Benton, Jr.

THB/kaw

Enclosure



# WEBB & ELEY, P.C.

ATTORNEYS & COUNSELLORS AT LAW
7475 HALCYON POINTE DRIVE
POST OFFICE BOX 240909
MONTGOMERY, ALABAMA 36124

MICHAEL M. ELEY
• KENDRICK E. WEBB
CRAIG S. DILLARD
** DARYL L. MASTERS
FRANK E. BANKSTON, JR.
ROBBIE ALEXANDER HYDE
HOPE CURTIS

OF COUNSEL:
BART HARMON
KELLY GALLOPS DAVIDSON
WINTHROP E. JOHNSON

GARY L. WILLFORD, JR. †
C. RICHARD HILL, JR.
ASHLEY HAWKINS FREEMAN
JAMIE K. HILL
WILLIAM J.N. COXWELL

TELEPHONE (334) 262-1850
FACSIMILE (334) 262-1772
E-MAIL: rhill@webbeley.com

*ALSO ADMITTED IN DISTRICT OF COLUMBIA
**ALSO ADMITTED IN FLORIDA
†ALSO ADMITTED IN CALIFORNIA

JAMES W. WEBB
(1930-2006)

August 21, 2008

**Via Facsimile Only: (251) 342-9457**

Thomas H. Benton, Jr., Esquire
McFadden, Lyon & Rouse, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama 36609-5499

RE:  **Michael Travis Buckley v. Barbour County, Alabama**
      **In the U.S. District Court, Middle District, Northern Division**
      **2:07-cv-1119-WKW-CSC**

Dear Thomas:

Barbour County's responses to the Plaintiff's discovery requests numbered 7-9 should be construed as "None." My apologies for any confusion this may have caused.

I am in receipt of the deposition notices for George Gamble, Kenneth Gilmore and Grover B. Forte. However, none of the suggested dates are acceptable for the Defendant at this time, as this action remains within the limited period of discovery authorized by the District Court's Order of July 14, 2008, and clarified in the Court's Order of August 13, 2008. The Court's July 14th Order commanded the parties to partake in limited discovery, which included a Rule 26(f) telephonic conference, Report of Parties Planning Meeting, Initial Disclosures and responses to the Plaintiff's discovery requests. The Court did not command or authorize pre-suit depositions.

In the meantime, do not hesitate to contact me should you have any questions.

Sincerely,

*[signature]*

C. Richard Hill, Jr.

CRHjr/dh


EXHIBIT
3

# WEBB & ELEY, P.C.

ATTORNEYS & COUNSELLORS AT LAW
7475 HALCYON POINTE DRIVE
POST OFFICE BOX 240909
MONTGOMERY, ALABAMA 36124

MICHAEL M. ELEY
* KENDRICK E. WEBB
CRAIG S. DILLARD
** DARYL L. MASTERS
FRANK E. BANKSTON, JR.
ROBBIE ALEXANDER HYDE
HOPE CURTIS

GARY L. WILLFORD, JR. †
C. RICHARD HILL, JR.
ASHLEY HAWKINS FREEMAN
JOSEPH L. HUBBARD, JR.
JAMIE K. HILL
WILLIAM J.N. COXWELL

TELEPHONE (334) 262-1850
FACSIMILE (334) 262-1889
E-MAIL: rhill@webbeley.com

*ALSO ADMITTED IN DISTRICT OF COLUMBIA
**ALSO ADMITTED IN FLORIDA
†ALSO ADMITTED IN CALIFORNIA

OF COUNSEL:
KELLY GALLOPS DAVIDSON
WINTHROP E. JOHNSON

JAMES W. WEBB
(1930-2006)

August 26, 2008

<u>**Via Facsimile Only: (251) 342-9457**</u>



Thomas H. Benton, Jr., Esquire
McFadden, Lyon & Rouse, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama 36609-5499

     RE:    **<u>Michael Travis Buckley v. Barbour County, Alabama</u>**
               **In the U.S. District Court, Middle District, Northern Division**
               **2:07-cv-1119-WKW-CSC**

Dear Thomas,

     I am in receipt of your August 21, 2008, letter and your August 25, 2008, subpoenas to George Gamble, Kenneth Gilmore, and Grover Forte.

     Regarding the discovery issues raised in your August 21st letter, we have either produced all the documents in our possession responsive to your interrogatories, or we have made them available for inspection at a mutually agreeable time. As you well know, ADOC Administrative Regulation 320, a copy of which is attached for your review, places responsibility for the documents you have requested solely on the Warden of the ADOC facility. Accordingly, the County does not and should not possess those documents. If they exist at all, they will be in the possession of the Warden of Ventress Correctional Facility, and you have already subpoenaed them for relevant documents.

     Regarding your deposition subpoenas, Rule 26(b)(1), Fed. R. Civ. P., allows the trial court to limit the scope of discovery by Court Order, which was the purpose of the Court's July 14th Order. Your subpoenas contravene the express limitations of that Order, both in nature and scope. As I detailed in my letter of August 21, 2008, the depositions you have noticed do not fall within the purview of the limited discovery the Court has allowed in its July 14th Order. Nowhere in that Order did the Court permit the noticing of depositions. Instead, the Court required Defendants to "serve responses to Buckley's December 26, 2007 written discovery responses."

Further, the Court's July 14th Order allowed discovery *only* into the relationship between Barbour County and the ADOC. The depositions would be of little relevance to that relationship. As detailed above, the responsibility for establishing and maintaining that relationship falls squarely on the Warden of Ventress Correctional Facility. Any knowledge that George Gamble, Kenneth Gilmore and Grover Forte have regarding that relationship would be inferior to the knowledge of the sole person responsible for establishing and maintaining the relationship between Barbour County and the ADOC, the Warden of Ventress Correctional Facility.

Further, the depositions you have noticed are not in compliance with Rule 30(b)(1), Fed. R. Civ. P, which requires "reasonable written notice" be given. You sent your first letter regarding deposition dates on Friday, August 21, 2008, to which I responded that depositions were outside the scope of the limited discovery allowed by the Court's July 14th Order. I received late yesterday, August 25, 2008, your notices of deposition. The first set of notices noticed the depositions for September 17, 2008, and the second set indicated that the date was a typographical error in the first set. In a second correspondence dated August 25, 2008, you stated that your intent in the first notices was intended to be set for August 27, 2008, three days after you sent the notices. Attached to your second correspondence were notices for depositions for September 3, 2008, but you indicated that you would be available September 2, 2008, if I was not available September 3rd.

I cannot be available September 2 or September 3, nor can I have anyone in my office be available those dates on such short notice, much less prepare the deponents for the depositions. The sole purpose for the "reasonable written notice" requirement of Rule 30(b)(1) is to allow attorneys a reasonable amount of time to prepare for depositions. You have circumvented the requirements of Rule 30(b)(1) by failing to give me less than seven business days to 1) respond to your subpoena; 2) find an attorney who can be available on those dates; 3) prepare that attorney to defend the depositions; and 4) prepare the deponents for their deposition. As you surely realize, that short length of time is anything but reasonable.

In accordance with the mandates of Rule 26(c), I am attempting "in good faith [to] confer[]" with you "in an effort to resolve [this] dispute without court action." Please be advised that if you do not withdraw your subpoenas no later than noon on August 27, 2008, I will be forced to file a Motion for Protective Order.

Thank you for your cooperation in this matter.

Sincerely yours,

C. Richard Hill, Jr.

CRHjr/dh

Enclosure

cc:    Bryan G. Duhe, Esquire (by facsimile with enclosure)
       Ginger Conway (w/o enclosure)

<u>AO88 (Rev. 1/94) Subpoena in a Civil Case</u>

**Issued by the**

UNITED STATES DISTRICT COURT



Michael Travis Buckley,
Plaintiff,

V.

Barbour County, Alabama,
Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    2:07-cv-1119-WKW

TO: Ventress Correctional Facility
High Way 239 North
Clayton, Alabama 36016

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

**See Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| McFadden, Lyon & Rouse, 718 Downtowner Blvd., Mobile, AL 36609 | 9/4/08 12:00 P.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 8/21/08 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

Thomas H. Benton, Jr., 718 Downtowner Blvd. Mobile, AL 36609, (251) 342-9172

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

MICHAEL TRAVIS BUCKLEY V. BARBOUR COUNTY, ALABAMA
CASE NO.: 2:07-cv-1119-WKW

## EXHIBIT A

Produce to said counsel for Plaintiff and permit to inspect and to copy each of the following documents:

1.      Any and all documents relating to the incarceration of Michael Travis Buckley, prisoner number 246389.

2.      Any and all documents relating to the incident occurring on November 10, 2006 where Michael Buckley was injured by a tree falling on him, including but not limited to incident reports, investigations, correspondence, e-mails, memorandums, photographs, reprimands, medical reports or records, medical bills and/or any other documents.

3.      A copy of all documents relating to the loaning of Michael Buckley to perform work for Barbour County or its agencies or agents on November 10, 2006, including but not limited to contracts, Letters of Understanding, training documentation, documentation required under ADOC Administrative Regulation 320, and any other documents.

4.      Any and all institutional operating procedures (SOP'S) on AR 320 which were developed and in affect on November 10, 2006.

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL TRAVIS BUCKLEY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO.: 2:07-cv-1119-WKW** |
| | * | |
| **BARBOUR COUNTY, ALABAMA,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**EXHIBIT 6**

## NOTICE OF DEPOSITION

TO:          Charles R. Hill, Jr.
             Webb & Eley, P.C.
             Post Office Box 240909
             Montgomery, Alabama 36124-0909

             Bryan G. Duhe
             Bryan G. Duhe, P.C.
             2500 Dauphin Street
             Mobile, Alabama 36606

DEPONENT:    George Gamble

TIME:        11:00 A.M.

DATE:        9/17/08

LOCATION:    Freedom Court Reporting
             Foster Corner
             188 North Foster Street, Suite 106
             Dothan, Alabama 36303

PLEASE TAKE NOTICE THAT Thomas H. Benton, Jr., attorney for Plaintiff will take the

deposition of George Gamble at the time, date and location indicated above, upon oral examination

pursuant to Alabama Rules of Civil Procedure before an officer duly authorized to administer oaths

and swear witness in the State of Alabama.

This deposition is being taken for the purposes of discovery and/or preservation of testimony for use at a trial or both, or for such other purposes as are permitted by the applicable and governing rules. The deposition will continue from day to day until completed and you are invited to attend and examine the deponent.

Respectfully submitted,

/s/ THOMAS H. BENTON, JR. (BENTT7091)
THOMAS H. BENTON, JR.
McFADDEN, LYON & ROUSE, LLC
718 Downtowner Boulevard
Mobile, Alabama 36609
Telephone: 251-342-9172
Facsimile:  251-342-9457
E-mail    : tbenton@mlrlawyers.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2008, I have served a copy of the foregoing upon all counsel listed below by e-file and/or by placing a copy of the same in the United States Mail, postage prepaid to the following:

Charles R. Hill, Jr., Esq.
Webb & Eley, P.C.
Post Office Box 240909
Montgomery, Alabama 36124-0909

Bryan G. Duhe
Bryan G. Duhe, P.C.
2500 Dauphin Street
Mobile, Alabama 36606

/s/ Thomas H. Benton, Jr.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL TRAVIS BUCKLEY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO.: 2:07-cv-1119-WKW** |
| | * | |
| **BARBOUR COUNTY, ALABAMA,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## NOTICE OF DEPOSITION

TO:              Charles R. Hill, Jr.
                 Webb & Eley, P.C.
                 Post Office Box 240909
                 Montgomery, Alabama 36124-0909

                 Bryan G. Duhe
                 Bryan G. Duhe, P.C.
                 2500 Dauphin Street
                 Mobile, Alabama 36606

DEPONENT:        Kenneth Earl Gilmore

TIME:            2:30 P.M.

DATE:            9/17/08

LOCATION:        Freedom Court Reporting
                 Foster Corner
                 188 North Foster Street, Suite 106
                 Dothan, Alabama 36303

PLEASE TAKE NOTICE THAT Thomas H. Benton, Jr., attorney for Plaintiff will take the

deposition of Kenneth Earl Gilmore at the time, date and location indicated above, upon oral

examination pursuant to Alabama Rules of Civil Procedure before an officer duly authorized to

administer oaths and swear witness in the State of Alabama.

This deposition is being taken for the purposes of discovery and/or preservation of testimony for use at a trial or both, or for such other purposes as are permitted by the applicable and governing rules. The deposition will continue from day to day until completed and you are invited to attend and examine the deponent.

Respectfully submitted,

/s/ THOMAS H. BENTON, JR. (BENTT7091)
THOMAS H. BENTON, JR.
McFADDEN, LYON & ROUSE, LLC
718 Downtowner Boulevard
Mobile, Alabama 36609
Telephone: 251-342-9172
Facsimile: 251-342-9457
E-mail    : tbenton@mlrlawyers.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2008, I have served a copy of the foregoing upon all counsel listed below by e-file and/or by placing a copy of the same in the United States Mail, postage prepaid to the following:

Charles R. Hill, Jr., Esq.          Bryan G. Duhe
Webb & Eley, P.C.                   Bryan G. Duhe, P.C.
Post Office Box 240909              2500 Dauphin Street
Montgomery, Alabama 36124-0909      Mobile, Alabama 36606

/s/ Thomas H. Benton, Jr.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL TRAVIS BUCKLEY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO.: 2:07-cv-1119-WKW** |
| | * | |
| **BARBOUR COUNTY, ALABAMA,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## NOTICE OF DEPOSITION

TO:                   Charles R. Hill, Jr.
                         Webb & Eley, P.C.
                         Post Office Box 240909
                         Montgomery, Alabama 36124-0909

                         Bryan G. Duhe
                         Bryan G. Duhe, P.C.
                         2500 Dauphin Street
                         Mobile, Alabama 36606

DEPONENT:        Grover B. Forte

TIME:               1:30 P.M.

DATE:               9/17/08

LOCATION:         Freedom Court Reporting
                         Foster Corner
                         188 North Foster Street, Suite 106
                         Dothan, Alabama 36303

PLEASE TAKE NOTICE THAT Thomas H. Benton, Jr., attorney for Plaintiff will take the

deposition of Grover B. Forte at the time, date and location indicated above, upon oral examination

pursuant to Alabama Rules of Civil Procedure before an officer duly authorized to administer oaths

and swear witness in the State of Alabama.

This deposition is being taken for the purposes of discovery and/or preservation of testimony for use at a trial or both, or for such other purposes as are permitted by the applicable and governing rules. The deposition will continue from day to day until completed and you are invited to attend and examine the deponent.

Respectfully submitted,

/s/ THOMAS H. BENTON, JR. (BENTT7091)
THOMAS H. BENTON, JR.
McFADDEN, LYON & ROUSE, LLC
718 Downtowner Boulevard
Mobile, Alabama 36609
Telephone: 251-342-9172
Facsimile: 251-342-9457
E-mail : tbenton@mlrlawyers.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2008, I have served a copy of the foregoing upon all counsel listed below by e-file and/or by placing a copy of the same in the United States Mail, postage prepaid to the following:

Charles R. Hill, Jr., Esq.
Webb & Eley, P.C.
Post Office Box 240909
Montgomery, Alabama 36124-0909

Bryan G. Duhe
Bryan G. Duhe, P.C.
2500 Dauphin Street
Mobile, Alabama 36606

/s/ Thomas H. Benton, Jr.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL TRAVIS BUCKLEY,        *
                               *
    Plaintiff,                 *
                               *
v.                             *    CASE NO.: 2:07-cv-1119-WKW
                               *
BARBOUR COUNTY, ALABAMA,       *
                               *
    Defendant.                 *
                               *

**EXHIBIT 7**

## FIRST AMENDED NOTICE OF DEPOSITION

TO:         Charles R. Hill, Jr.
             Webb & Eley, P.C.
             Post Office Box 240909
             Montgomery, Alabama 36124-0909

             Bryan G. Duhe
             Bryan G. Duhe, P.C.
             2500 Dauphin Street
             Mobile, Alabama 36606

DEPONENT:    George Gamble

TIME:         11:00 A.M.

DATE:         9/3/08

LOCATION:    Freedom Court Reporting
             Foster Corner
             188 North Foster Street, Suite 106
             Dothan, Alabama 36303

      PLEASE TAKE NOTICE THAT Thomas H. Benton, Jr., attorney for Plaintiff will take the

deposition of George Gamble at the time, date and location indicated above, upon oral examination

pursuant to Alabama Rules of Civil Procedure before an officer duly authorized to administer oaths

and swear witness in the State of Alabama.

      This deposition is being taken for the purposes of discovery and/or preservation of testimony

for use at a trial or both, or for such other purposes as are permitted by the applicable and governing

rules. The deposition will continue from day to day until completed and you are invited to attend

and examine the deponent.

Respectfully submitted,

THOMAS H. BENTON, JR.
McFADDEN, LYON & ROUSE, LLC
718 Downtowner Boulevard
Mobile, Alabama 36609
Telephone: 251-342-9172
Facsimile:  251-342-9457
E-mail    : tbenton@mlrlawyers.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2008, I have served a copy of the foregoing
upon all counsel listed below by e-file and/or by placing a copy of the same in the United States
Mail, postage prepaid to the following:

Charles R. Hill, Jr., Esq.               Bryan G. Duhe
Webb & Eley, P.C.                        Bryan G. Duhe, P.C.
Post Office Box 240909                   2500 Dauphin Street
Montgomery, Alabama 36124-0909           Mobile, Alabama 36606

Thomas H. Benton, Jr.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL TRAVIS BUCKLEY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO.: 2:07-cv-1119-WKW** |
| | * | |
| **BARBOUR COUNTY, ALABAMA,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## FIRST AMENDED NOTICE OF DEPOSITION

TO:         Charles R. Hill, Jr.
                Webb & Eley, P.C.
                Post Office Box 240909
                Montgomery, Alabama 36124-0909

                Bryan G. Duhe
                Bryan G. Duhe, P.C.
                2500 Dauphin Street
                Mobile, Alabama 36606

DEPONENT:    Kenneth Earl Gilmore

TIME:          2:30 P.M.

DATE:          9/3/08

LOCATION:    Freedom Court Reporting
                Foster Corner
                188 North Foster Street, Suite 106
                Dothan, Alabama 36303

    PLEASE TAKE NOTICE THAT Thomas H. Benton, Jr., attorney for Plaintiff will take the deposition of Kenneth Earl Gilmore at the time, date and location indicated above, upon oral examination pursuant to Alabama Rules of Civil Procedure before an officer duly authorized to administer oaths and swear witness in the State of Alabama.

    This deposition is being taken for the purposes of discovery and/or preservation of testimony

for use at a trial or both, or for such other purposes as are permitted by the applicable and governing

rules. The deposition will continue from day to day until completed and you are invited to attend

and examine the deponent.

Respectfully submitted,

THOMAS H. BENTON, JR.
McFADDEN, LYON & ROUSE, LLC
718 Downtowner Boulevard
Mobile, Alabama 36609
Telephone: 251-342-9172
Facsimile:  251-342-9457
E-mail    : tbenton@mlrlawyers.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2008, I have served a copy of the foregoing
upon all counsel listed below by e-file and/or by placing a copy of the same in the United States
Mail, postage prepaid to the following:

Charles R. Hill, Jr., Esq.               Bryan G. Duhe
Webb & Eley, P.C.                        Bryan G. Duhe, P.C.
Post Office Box 240909                   2500 Dauphin Street
Montgomery, Alabama 36124-0909           Mobile, Alabama 36606

Thomas H. Benton, Jr.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL TRAVIS BUCKLEY,           *
                                  *
     **Plaintiff,**                  *
                                  *
v.                                *   **CASE NO.: 2:07-cv-1119-WKW**
                                  *
BARBOUR COUNTY, ALABAMA,          *
                                  *
     **Defendant.**                  *
                                  *

## FIRST AMENDED NOTICE OF DEPOSITION

TO:              Charles R. Hill, Jr.
                 Webb & Eley, P.C.
                 Post Office Box 240909
                 Montgomery, Alabama 36124-0909

                 Bryan G. Duhe
                 Bryan G. Duhe, P.C.
                 2500 Dauphin Street
                 Mobile, Alabama 36606

DEPONENT:     Grover B. Forte

TIME:           1:30 P.M.

DATE:           9/3/08

LOCATION:     Freedom Court Reporting
                 Foster Corner
                 188 North Foster Street, Suite 106
                 Dothan, Alabama 36303

     PLEASE TAKE NOTICE THAT Thomas H. Benton, Jr., attorney for Plaintiff will take the

deposition of Grover B. Forte at the time, date and location indicated above, upon oral examination

pursuant to Alabama Rules of Civil Procedure before an officer duly authorized to administer oaths

and swear witness in the State of Alabama.

     This deposition is being taken for the purposes of discovery and/or preservation of testimony

for use at a trial or both, or for such other purposes as are permitted by the applicable and governing rules. The deposition will continue from day to day until completed and you are invited to attend and examine the deponent.

Respectfully submitted,

THOMAS H. BENTON, JR.
McFADDEN, LYON & ROUSE, LLC
718 Downtowner Boulevard
Mobile, Alabama 36609
Telephone: 251-342-9172
Facsimile: 251-342-9457
E-mail    : tbenton@mlrlawyers.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2008, I have served a copy of the foregoing upon all counsel listed below by e-file and/or by placing a copy of the same in the United States Mail, postage prepaid to the following:

Charles R. Hill, Jr., Esq.                    Bryan G. Duhe
Webb & Eley, P.C.                             Bryan G. Duhe, P.C.
Post Office Box 240909                        2500 Dauphin Street
Montgomery, Alabama 36124-0909                Mobile, Alabama 36606

Thomas H. Benton, Jr.