IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL TRAVIS BUCKLEY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO.: 2:07-cv-1119-WKW** |
| | * | |
| **BARBOUR COUNTY, ALABAMA and** | * | |
| **GEORGE GAMBLE** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now Michael Travis Buckley, Plaintiff in the above-styled cause and amends his complaint by adding George Gamble as a defendant and alleging as follows:

### PARTIES

1.    Michael Travis Buckley, hereinafter referred to as the Plaintiff, was 19 years of age or older and a resident of Mobile County, Alabama on November 10, 2006, the date the incident complained of herein.

2.    Defendant Barbour County, Alabama ("Barbour County") is a body corporate organized under the laws of the state of Alabama and at all times relevant herein was acting under the color of state law.  At no time relevant to the material allegations setforth herein was Barbour County or it's agents acting as an agent of the state of Alabama or in furtherance of the business of the state of Alabama.

3.    Defendant George Gamble ("Gamble") is a  resident of Barbour County, Alabama and at all times relevant herein was acting as an employee/agent of Barbour County in the line and scope of his agency/employment.

## FACTS

4.      In November 2006, Plaintiff was incarcerated in the Ventress Correctional Facility, which is located in Barbour County, Alabama and operated by the Alabama Department of Corrections (hereinafter "ADOC").  On November 10, 2008, Plaintiff was working for Barbour County as part of a Community Work Squad performing maintenance work on Barbour County road 49.  Community Work Squads are authorized by the Alabama Legislature to allow counties, such as Barbour County, to utilize state inmates to perform repair, maintenance and clean up of county roadways for benefit of the county.

5.      In November 2003, ADOC enacted Administrative Regulation 320, entitled Inmate Work Squad Safety Near Roadways to establish responsibilities, policies, and procedures for the safety of inmates performing tasks near a roadway.   This regulation specifically defines a Community Work Squad as follows: "A squad that works outside of the institutional property *for another governmental agency other than the ADOC*.  These work squads may provide work for municipalities, cities, counties, state and federal governmental agencies."  At all times material herein Plaintiff was under the control and working for the benefit of Barbour County, not the state of Alabama.

6.      Regulation 320 further provides that the governmental agency utilizing ADOC Community Work Squads, which in this case is Barbour County, is responsible for (1) providing the required safety equipment for inmates; (2) complying with MUTCD guidelines; (3) attending orientations and quarterly training sessions; and (4) training inmates on equipment operation safety.

7.      Regulation 320 further provides that Barbour County will provide the warden with a letter of understanding wherein Barbour County certifies that it will commit to, among other things,

2

provide safety training to inmates operating equipment.  In addition, Barbour County is required to provide orientation in the use of gasoline or electrically powered equipment, even when the inmate claims to have had prior experience.

8.      On November 10, 2008, Plaintiff was working for Barbour County as part of a Community Work Squad performing right of way clearing work on Barbour County Road 49. Plaintiff and three other inmates were being supervised by Gamble.  One of the other inmates Ricky Barrett (hereinafter "Barrett") used a gasoline powered chainsaw to cut a large oak tree that was leaning toward County Road 49 off an embankment.  A ditch approximately 15 feet deep was located between County Road 49 and the embankment where the oak tree was located.  When the oak tree was cut, it fell onto the side of the ditch and into the roadway, partially blocking traffic.  The location of the oak tree on the bank of the ditch constituted an extreme danger to the life and health of anyone working in the vicinity of the oak tree and Gamble was aware of this danger.

9.      Gamble then instructed Barrett and the Plaintiff to use a chainsaw to trim the tree so that it could be removed from the roadway.  Neither Plaintiff or Barrett had ever been provided safety training in the use of a chainsaw by Barbour County as required by Regulation 320.  After receiving the order from Gamble, Plaintiff informed Gamble that he did not feel qualified to use a chainsaw to cut this large tree and was fearful for his safety because the large oak tree was precariously resting on the edge of a large ditch.  Gamble, who had recently returned to duty after attending an anger management class because of harsh treatment of inmates, demanded that Plaintiff trim the tree with the chainsaw.  Plaintiff complied because his refusal would have resulted in a written reprimand that would affect his ability to be paroled.  Even though Gamble knew that Plaintiff had not been trained in compliance with Regulation 320, knew that the trimming of the tree

3

constituted a danger to the life and health of the Plaintiff, and had been warned by Plaintiff that he did not consider himself competent to trim the tree and was concerned for his health and safety, Gamble deliberately compelled the Plaintiff to perform work that he knew constituted a danger to his life and health.

10.     While trimming the tree at the same time as Barrett, Plaintiff noticed that Barrett was cutting a limb that supported the weight of the tree and kept it from falling into the ditch. As Plaintiff quickly moved to avoid the immediate danger that he perceived, the tree fell and rolled into the ditch on top of him. As a proximate result, Plaintiff suffered a broken back, which has rendered him a paraplegic for the remainder of his life.

11.     Defendant Barbour County was aware that Regulation 320 required that inmates working on Community Road Squads be trained regarding safety and the safe operation of gasoline and electrically powered machinery, but intentionally disregarded this regulation created for the safety of inmates. Barbour County's practice and custom of intentionally disregarding the requirements of Regulation 320 was so pervasive as to be the functional equivalent of a policy that was finally adopted by Barbour County. Barbour County's policy of failing to train the Plaintiff and other inmates as to the proper safety procedures requires by Regulation 320 amounted to deliberate indifference which resulted in Plaintiff's injury.

12.     As a proximate result of Defendant's conduct, Plaintiff was caused to suffer damages, including but not limited to, permanent physical impairment, past and future medical and life-care expenses, physical pain and suffering, mental anguish that he will endure for the remainder of his life, and future lost wages.

## COUNT I
### Section 1983

13.     Plaintiff adopts and realleges the allegations setforth in paragraphs 1-12 of

Plaintiff's Amended Complaint as if setforth fully and completely herein.

14.      While acting under the color of state law, Defendants Barbour County and George

Gamble violated Plaintiff's rights under the Eight and Fourteenth Amendments to the United States

Constitution through their deliberate indifference to the substantial risk of serious harm to the

Plaintiff, which is tantamount to cruel and unusual punishment and deprivation of Plaintiff's right

to due process.  Defendants Barbour County and George Gamble are liable under 42 U.S.C § 1983

for the injuries sustained by Plaintiff, which were proximately caused by the deprivation of his

constitutional rights.

Wherefore, Plaintiff demands judgment against Defendants Barbour County and George

Gamble for compensatory and punitive damages in that amount allowed by law in excess of

$75,000.00, together with costs and attorney's fees.

## COUNT II
### Ala. Code § 14-8-40 (George Gamble)

15.     Plaintiff adopts and realleges the allegations setforth in paragraphs 1-12 of Plaintiff's

Amended Complaint as if setforth fully and completely herein.

16.     Defendant George Gamble was willfully negligent by demanding that Plaintiff trim

the oak tree in question.

17.     As a proximate consequence of Gamble's willful negligence, Plaintiff was caused to

suffer damage as setforth in paragraph 12 herein.

Wherefore, Plaintiff demands judgment against Defendant George Gamble for

compensatory and punitive damages in the amount allowed by law, in excess of $75,000, together with costs and attorney's fees.

## COUNT III
### Ala. Code § 14-8-40 (Barbour County)

18.     Plaintiff adopts and realleges the allegations setforth in paragraphs 1-12 of Plaintiff's Amended Complaint as if setforth fully and completely herein.

19.     Defendant Barbour County was willfully negligent by intentionally failing to adhere to the requirements of Regulation 320 and is responsible through the doctrine of respondent superior and/or agency for the willful acts of it's employee/agent George Gamble which proximately caused Plaintiff's injuries.

20.     As a proximate result of Barbour County's willful negligence, Plaintiff was caused to suffer damage as setforth in paragraph 12 herein.

Wherefore, Plaintiff demands judgment against Defendant Barbour County for Compensatory damages in an amount in excess of $75,000, plus costs of court.

Respectfully submitted,

/s/ THOMAS H. BENTON, JR. (BENTT7091)
Thomas H. Benton, Jr.
McFADDEN, LYON & ROUSE, LLC
718 Downtowner Boulevard
Mobile, Alabama 36609
Telephone: 251-342-9172
Facsimile:  251-342-9457
E-mail: tbenton@mlrlawyers.com
*Attorney for Plaintiff*

6

_____  /s/ BRYAN G. DUHE (DUHEB6339)
_____  Bryan G.  Duhe
                                 Law Office of Bryan Duhe
                                 2500 Dauphin Street
                                 Mobile, Alabama 36606
                                 Telephone: 251-479-6500
                                 Facsimile: 251-479-3575
                                 E-mail: bryanduhe@aol.com
_____  *Attorney for Plaintiff*


**DEFENDANT WILL BE SERVED VIA PROCESS SERVER:**

**Process server:**
State Investigations
210 South Alice Street
Dothan, Alabama 36305
Phone: (334) 701-4419
Fax: (334) 678-7617
E-mail: mflockhart@sw.rr.com

**Defendant George Gamble:**
Post Office Box 404
Clayton, Alabama 36016
Telephone: (334) 266-6334


<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on the 4th day of September, 2008, I have served a copy of the
foregoing upon all counsel listed below by E-file and/or by placing a copy of the same in the
United States Mail, postage prepaid to the following:

Joseph L. Hubbard, Jr., Esq.
Charles R. Hill, Jr., Esq.
Webb & Eley, P.C.
Post Office Box 240909
Montgomery, Alabama 36124-0909


                                                    /s/ Thomas H. Benton, Jr.
                                                    /s/ Bryan G. Duhe